UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ———————————————— x | |
| RAFFAELE FERRAIORI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 7:20-cv-10795-CS |
| Plaintiff, | CLASS ACTION |
| vs. | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |
| TRITERRAS, INC. f/k/a NETFIN ACQUISITION CORP., SRINIVAS KONERU and MARAT ROSENBERG, | |
| Defendants. | |
| ———————————————— x | |

4852-3997-0781.v1

## I.     INTRODUCTION

This action is brought on behalf of purchasers and acquirers of Triterras, Inc. ("Triterras" or the "Company") securities between August 20, 2020 and December 16, 2020, inclusive (the "Class Period"), against the Company and two senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

John A. Erlandson should be appointed lead plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Erlandson's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved.  15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     STATEMENT OF FACTS

Triterras, f/k/a Netfin Acquisition Corp., is a fintech company focused on trade and trade finance.  Triterras's principal executive offices are located in Singapore and its common shares trade on the NASDAQ under the symbol TRIT and its warrants trade under the symbol TRITW.

Triterras operates Kratos, a commodity trading and trade finance platform that connects commodity traders to trade and source capital from lenders directly online.  Rhodium Resources Pte. Ltd. is a commodity trading business that is controlled by Srinivas Koneru, Triterras's Chief Executive Officer.  Rhodium enabled the launch of the Kratos platform and substantially all of Triterras's users were referred to it by Rhodium.  As a result, the two entities have entered into an origination agreement to incentivize Rhodium to continue to refer its commodity trading customers

- 1 -

to Kratos in exchange for fixed payments to Rhodium at the time a referred customer meets total transaction volume requirements for a given period.

The complaint alleges that during the Class Period, defendants made false and misleading statements and/or failed to disclose the following material adverse information: (1) the extent to which the Company's revenue growth relied on Triterras's relationship with Rhodium to refer users to the Kratos platform; (2) that Rhodium faced significant financial liabilities that jeopardized its ability to continue as a going concern; (3) that, as a result, Rhodium was likely to refer fewer users to the Company's Kratos platform; and (4) that, as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On December 17, 2020, Triterras announced that Rhodium was seeking a moratorium to shield itself from creditor actions while it planned a restructuring of its debts and continue its business as a going concern.  Additionally, the Company stated that "user referrals payable to Rhodium under the origination agreement entered into with Rhodium will be lower than previously expected."  ECF No. 1 at ¶29.  On this news, the Company's share price fell 31% to close at $9.09 per share and the Company's warrant price fell 35% to close at $2.01 per warrant on December 17, 2020.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Mr. Erlandson and other class members have suffered significant losses and damages.

4852-3997-0781.v1

### III.    ARGUMENT

#### A.    Mr. Erlandson Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice was published on December 21, 2020.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Erlandson meets these requirements and should be appointed Lead Plaintiff.

- 3 -

4852-3997-0781.v1

### 1. Mr. Erlandson's Motion Is Timely

The December 21, 2020 statutory notice advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by February 19, 2021. *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Mr. Erlandson is eligible for appointment as lead plaintiff.

### 2. Mr. Erlandson Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Erlandson purchased 6,890 shares of Triterras stock during the Class Period and suffered approximately $29,126 in losses as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Erlandson meets the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Erlandson Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015). "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

4852-3997-0781.v1

As his Certification and loss chart evidence, Mr. Erlandson purchased Triterras securities and suffered harm when defendants' alleged misconduct was revealed. *See* Rosenfeld Decl., Exs. B, C. In addition, Mr. Erlandson is an adequate representative of the class because his interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Mr. Erlandson's interests and the class's interests. Mr. Erlandson's substantial stake in the outcome of the case indicates that he has the requisite incentive to vigorously represent the class's claims. Mr. Erlandson has amply demonstrated his adequacy by submitting a declaration affirming his ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Rosenfeld Decl., Ex. D. Finally, as discussed below, Mr. Erlandson has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class. Thus, Mr. Erlandson's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm his satisfaction of the Rule 23 requirements.

Because Mr. Erlandson filed a timely motion, has a sizable financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### B.    The Court Should Approve Mr. Erlandson's Selection of Counsel

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Lopez*, 2015 WL 2431484, at *3. Here, Mr. Erlandson has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house

- 5 -

experts to aid in the prosecution of complex securities issues.[1]  Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous"); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job").

Notably, in 2021, Robbins Geller has already recovered $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and in 2020, the Firm recovered $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4852-3997-0781.v1

PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Thus, the Court can be assured that by approving Mr. Erlandson's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Mr. Erlandson has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Erlandson respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  February 19, 2021                    Respectfully submitted,

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             SAMUEL H. RUDMAN
                                             DAVID A. ROSENFELD


                                             s/ *David A. Rosenfeld*
                                             DAVID A. ROSENFELD

---

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4852-3997-0781.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 8 -

4852-3997-0781.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
      & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4852-3997-0781.v1

SDNY CM/ECF NextGen Version 1.2

# Mailing Information for a Case 7:20-cv-10795-CS Ferraiori v. Triterras, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`