UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RAFFAELE FERRAIORI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 7:20-cv-10795-CS |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | JOHN A. ERLANDSON'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |
| TRITERRAS, INC. f/k/a NETFIN ACQUISITION CORP., SRINIVAS KONERU and MARAT ROSENBERG, | |
| Defendants. | |

---

4840-1882-2623.v1

John A. Erlandson respectfully submits this memorandum in further support of his motion for appointment as lead plaintiff (ECF No. 10), and in opposition to Raffaele Ferraiori's competing motion for appointment as lead plaintiff. *See* ECF No. 5.

## I.    INTRODUCTION

Two motions are currently pending by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) John A. Erlandson; and (2) Raffaele Ferraiori.  Under the PSLRA, courts are to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Only Mr. Erlandson satisfies both of these elements.  Indeed, Mr. Erlandson's loss of approximately $29,126 is over 42 times greater than the loss claimed by Mr. Ferraiori.  *See* ECF No. 12-3 (Mr. Erlandson's loss chart reflecting losses of $29,126); ECF No. 7-2 (Mr. Ferraiori's loss chart reflecting a loss of $684.65).  Mr. Erlandson otherwise meets the typicality and adequacy requirements of Rule 23.  Accordingly, Mr. Erlandson should be appointed as Lead Plaintiff and his selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Here, there is no dispute that Mr. Erlandson possesses the "largest financial interest" in this litigation:

| MOVANT | CLAIMED LOSS |
|---|---|
| **John A. Erlandson** | $29,126 |
| Raffaele Ferraiori | $684.65 |

*See* ECF Nos. 12-3, 7-2.

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Mr. Erlandson must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Here, there is no question that Mr. Erlandson satisfies this requirement. *See* ECF No. 11 at 4-5. Mr. Erlandson's claims are "typical" of the claims of the proposed class because, like all members of the putative class, he purchased Triterras, Inc. securities during the Class Period and he sustained losses once defendants' alleged misconduct was revealed. Mr. Erlandson is adequate because, *inter alia*, his interests are aligned with those of the putative class and there is no evidence of antagonism between his interests and the class's interests. Additionally, Mr. Erlandson has selected experienced trial counsel located in this District that is committed to zealously and efficiently prosecute this case to a successful conclusion. *See* ECF No. 11 at 5-7. Because Mr. Erlandson clearly has the largest financial interest and satisfies Rule 23's requirements, he is presumptively the "most adequate plaintiff."

As the presumptive lead plaintiff, Mr. Erlandson must be appointed unless his presumptive status is rebutted "'upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Cendant*, 264 F.3d at 268 (emphasis in original) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). Importantly, "once the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff

- 2 -

will not do a 'fair[] and adequate[]' job." *Id.* (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32. Here, no such proof exists and there is no question that Mr. Erlandson meets the adequacy and typicality requirements. *See* ECF No. 11 at 4-5. Consequently, the "most adequate plaintiff" presumption that lies in Mr. Erlandson's favor has not been rebutted. Mr. Erlandson's motion should be granted and the competing motion should be denied.

## III.    CONCLUSION

Mr. Erlandson possesses the largest financial interest in the relief sought by the class. In addition, Mr. Erlandson meets the requirements of adequacy and typicality, and the presumption which lies in favor of Mr. Erlandson cannot be rebutted. As a result, Mr. Erlandson respectfully requests that this Court enter an order: (1) appointing Mr. Erlandson to serve as Lead Plaintiff; (2) approving Mr. Erlandson's selection of Lead Counsel; and (3) denying the competing motion.

DATED:  March 5, 2021                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD


                                              *s/ David A. Rosenfeld*
                                         DAVID A. ROSENFELD

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)
                                         srudman@rgrdlaw.com
                                         drosenfeld@rgrdlaw.com

- 3 -

4840-1882-2623.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 4 -

4840-1882-2623.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 5, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4840-1882-2623.v1

# Mailing Information for a Case 7:20-cv-10795-CS Ferraiori v. Triterras, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)