**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAFFAELE FERRAIORI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRITERRAS, INC. F/K/A NETFIN ACQUISITION CORP., SRINIVAS KONERU, and MARAT ROSENBERG, <br><br> Defendants. | Case No. 7:20-cv-10795-CS |

**RAFFAELE FERRAIORI'S MEMORANDUM IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD <u>COUNSEL</u>**

## I.  PRELIMINARY STATEMENT

Raffaele Ferraiori ("Movant" or "Ferraiori") respectfully proposes that the Court appoint him co-lead plaintiff with John A. Erlandson ("Erlandson"), the sole competing movant.

While Ferraiori acknowledges that he does not have the largest financial interest of the lead plaintiff movants, he is the only movant to have a financial loss resulting from trading the warrants of Triterras, Inc. f/k/a Netfin Acquisition Corp. ("Triterras" or the "Company"). The Court has full authority and discretion to appoint co-lead plaintiffs and co-lead counsel to ensure adequate representation throughout all stages of this case, consistent with the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Here, there are significant benefits to the class of having both movants serve as co-lead representatives. Therefore, the Court should appoint Ferraiori as a co-lead plaintiff and appoint his counsel as co-lead counsel.

## II.  RAFFAELE FERRAIORI SHOULD BE APPOINTED CO-LEAD PLAINTIFF

While Ferraiori claims losses resulting from his Triterras warrants, Erlandson claims loss resulting only from his Triterras common stock. *See* Dkt. Nos. 7-2; 12-3 (movants' loss charts). Since this action is brought on behalf of investors who purchased or otherwise acquired Triterras securities, *i.e.* common stock and warrants, during the Class Period, the Court should exercise its discretion and appoint Ferraiori as co-lead plaintiff to ensure the warrantholders are adequately represented.[1] *See* Dkt. No. 1 at ¶ 1 (class definition); *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 47 (S.D.N.Y. 1998) (noting that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff").

---

[1] Alternatively, Ferraiori requests to be appointed lead plaintiff for a subclass of warrants purchasers.

Courts often appoint co-lead plaintiffs to ensure that all class members are properly represented and that the potential recovery for all class members is maximized. *See, e.g.*, *Oxford Health*, 182 F.R.D. at 49 (appointing co-lead plaintiffs "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants."). For example, courts have appointed co-lead plaintiffs to ensure that investors who traded common stock and those who traded contracts for difference were adequately represented in an action encompassing the company's securities. *Freudenberg v. E\*Trade Fin. Corp.*, 2008 WL 2876373, at \*6 (S.D.N.Y. July 16, 2008) (reasoning there is a "possibility that conflicts do ultimately arise").

Courts have also appointed co-lead plaintiffs where further development of the facts could raise conflicts between a sole lead plaintiff and the class. *See e.g.*, *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. Feb. 10, 2015) (appointing as co-lead plaintiff the sole movant because "[d]epending on how the facts develop," entrusting the class's claims solely to a representative that did not own stock throughout the class period "could give rise to a challenge to the lead plaintiff's ability to represent the class, potentially resulting in non-certification or in shortening the class period."); *Simmons v. Spencer*, 2014 WL 1678987, at \*6 (S.D.N.Y. Apr. 25, 2014) (appointing movants as co-lead plaintiff where they disagreed whether intra-class period sales were "affected by Defendants' purported conduct").

Here, Erlandson only purchased Triterras common stock during the Class Period. As such, failure to appoint Ferraiori could create needless complications, inter-security conflict, and threaten judicial economy. First, if the Court-appointed lead plaintiff does not include a purchaser of warrants it will only invite future attacks regarding standing from Defendants. Second, without

a lead plaintiff representative, there is no guarantee that warrant purchasers' interests will be protected throughout the case. For example, if there was ultimately a recovery in this action, there would be no lead plaintiff with warrant holdings to ensure that the plan of allocation appropriately allocates the recovery between common stock and warrant investors. Without such a representative, it is possible that common stock holders could effectively shut out warrant holders from the recovery or, at a minimum, disproportionately reward common stock investors over warrant holders.

The Court has the ability to foreclose any and all such complications at the outset by appointing Ferraiori as co-lead plaintiff. Among other things, doing so has the significant benefit of ensuring that warrant purchasers are adequately represented during the litigation of this matter and in the event of a recovery in this action. Moreover, there is virtually no downside risk in appointing Ferraiori as co-lead plaintiff. Accordingly, the Court should appoint Ferraiori as co-lead plaintiff, and approve his selection of counsel as co-lead counsel.

## III.    CONCLUSION

As set forth above, Movant Ferraiori respectfully requests that the Court appoint him co-lead plaintiff of the instant action, and appoint his counsel as co-lead counsel for the class.

Respectfully submitted,

DATED: March 5, 2021                    **GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com


-and-


3

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant Raffaele Ferraiori and
Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

4

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 5, 2021, I served true and correct copies of the foregoing document, by posting

the document electronically to the ECF website of the United States District Court for the Southern

District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on March 5, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh