UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
RAFFAELE FERRAIORI, Individually and on :   Civil Action No. 7:20-cv-10795-CS
Behalf of All Others Similarly Situated,     :

                                  :   CLASS ACTION

                  Plaintiff,       :

                                  :   JOHN A. ERLANDSON'S REPLY IN

    vs.                             :   FURTHER SUPPORT OF MOTION FOR
                                      APPOINTMENT AS LEAD PLAINTIFF

TRITERRAS, INC. f/k/a NETFIN     :
ACQUISITION CORP., SRINIVAS KONERU :
and MARAT ROSENBERG,       :

                  Defendants.   :
———————————————————— x

4820-1429-7056.v1

## I.     INTRODUCTION

Of the two movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), only John A. Erlandson satisfies the requirements for appointment as lead plaintiff.  With losses of $29,126, Mr. Erlandson has the largest financial interest.  Indeed, Mr. Erlandson's losses are more than *42 times* greater than the loss claimed by the competing movant, Raffaele Ferraiori.  He also filed a timely motion, is typical and adequate, selected qualified counsel, and is not subject to unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B).  According to the PSLRA, the presumptive lead plaintiff, in this case Mr. Erlandson, must be appointed unless the remaining competing movants submit proof that Mr. Erlandson will not satisfy the typicality and adequacy requirements of Rule 23(a).  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)(quoting 15 U.S.C. §78u-4()(3)(B)(iii)(II)).

Mr. Ferraiori has not submitted any proof to rebut the presumption that lies in Mr. Erlandson's favor.  Instead, Mr. Ferraiori requests to be appointed co-lead plaintiff based on his purchase of Triterras, Inc. warrants.  *See* ECF No. 15 at 1.  However, courts regularly deny requests for appointment of a co-lead plaintiff to represent "niche" investors.  *See, e.g.*, *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) ("In fact, the majority of courts to consider the appointment of small, 'niche' investors as co-Lead Plaintiff have rejected it.").  Indeed, by seeking to represent the entire class of purchasers of Triterras securities in his initial motion – despite that he only purchased warrants –  Mr. Ferraiori has already conceded that an investor is not required to have standing for all securities to act as lead plaintiff.  Additionally, Mr. Ferraiori is an unknown individual, precluding the Court from even attempting to make the typicality and adequacy determination required by the PSLRA.

Accordingly, Mr. Erlandson's motion for appointment as lead plaintiff should be granted.

- 1 -

## II.    ARGUMENT

### A.    Warrant Purchasers Do Not Need to Be Separately Represented by a Different Lead Plaintiff

As an initial matter, Mr. Ferraiori concedes that he does not possess the largest financial interest. *See* ECF No. 15 at 1. Instead, Mr. Ferraiori seeks co-lead plaintiff status because his losses are based on warrants, but his "argument skips over the facts that the dollar amount and [his] 'financial interest' are minimal to the point of being *de minimis*. [His] proposed relief would result in a very tiny tail wagging a very large dog." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011). With losses of $29,126, Mr. Erlandson's losses are more than 42 times greater than the $684.65 loss claimed by Mr. Ferraiori. Mr. Erlandson has a significant stake in the outcome of this case to ensure the vigorous prosecution of the claims here. *See* ECF Nos. 12-3, 12-4 at ¶6.

Moreover, "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004). Indeed, the Second Circuit has noted that any such requirement "would contravene the main purpose of having a lead plaintiff – namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." *Id.* at 82 n.13. *See also Kabak as Tr. of Stephen Kabak & Joy Schary Living Tr. v. Becton, Dickinson & Co.*, 2020 WL 3056281, at *3 (D.N.J. June 9, 2020) ("The fragmented lead plaintiff arrangement [movant] proposes finds no support in the PSLRA, which not only sets forth two objective factors for lead plaintiff but in fact requires that the class member meeting those factors be appointed to direct the litigation on behalf of all plaintiffs unless contrary evidence is presented.").

As one court duly noted:

4820-1429-7056.v1

More likely than not, the putative class in any large shareholder action will be composed of plaintiffs whose portfolios differ in composition from one another. This, however, does not justify the appointment of potentially innumerable co-lead plaintiffs to ensure that each individualized interest is represented. Competing movants may be correct that the resolution of this case could ultimately favor holders of one type of security over the others. On the other hand, representation by a disparate group of plaintiffs, each seeking only the protection of its own interests, could well hamper the force and focus of the litigation. A balance must be struck.

*In re Cendant Corp. Litig.*, 182 F.R.D. 144, 148 (D.N.J. 1998). Stated differently, "notwithstanding every plaintiff's undeniable interest in an outcome most favorable to his or her position, every warrior in this battle cannot be a general." *Id.*

Accordingly, courts regularly deny requests for appointment as co-lead plaintiff to represent "niche" investors.[1] *See generally Glauser*, 236 F.R.D. at 189 ("In fact, the majority of courts to consider the appointment of small, 'niche' investors as co-Lead Plaintiff have rejected it."); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016) ("'the fact that plaintiffs might have different types of securities also does not require a separate class or co-lead plaintiffs'") (citation omitted).[2]

---

[1]    None of the authority relied upon by Mr. Ferraiori reflects an instance where the court appointed a co-lead plaintiff or lead plaintiff for a subclass of warrant purchasers.

[2]    *See also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 541 (S.D.N.Y. 2015) (denying request for creation of subclass for different securities at lead plaintiff stage); *Fishbury, Ltd. v. Connetics Corp.*, 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006) (denying request by purchaser of different security for appointment as co-lead plaintiff); *In re Enron Corp., Sec, Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (rejecting arguments by preferred stockholders, bondholders, and other securities holders that separate classes and separate lead counsel were required for each type of security because "[t]aken to its logical extreme," such an "argument that each group of [securities] . . . requires a different class or subclass and separate Lead Plaintiff would fracture this litigation into hundreds of classes or subclasses and obstruct any efficient and controlled progress"); *Greenberg v. Bear Sterns & Co., Inc.*, 80 F. Supp. 2d 65, 70 (E.D.N.Y. 2000) ("When attempting to resolve who is the most adequate plaintiff to represent the class, the Court is of the view that the largest financial interest of the class should be considered, not the largest financial interest of separate sub classes.").

4820-1429-7056.v1

Mr. Ferraiori asserts that without a co-lead plaintiff representing warrant purchasers, defendants may raise issues related to standing. *See* ECF No. 15 at 2. However, Mr. Ferraiori's "'speculation about potential class standing problems should not be resolved by the appointment of multiple lead plaintiffs . . . , but by the appointment, if necessary and desirable, of additional class representatives as the litigation proceeds.'" *Bodri*, 2016 WL 1718217, at *6 (citation omitted).

Mr. Ferraiori also contends that "without a lead plaintiff representative, there is no guarantee that warrant purchasers' interests will be protected throughout the case." ECF No. 15 at 2-3. But Mr. Ferraiori's attempt to create the appearance of a conflict also does not warrant a separate co-lead plaintiff or the creation of a subclass. Hypothetical conflicts are insufficient under the PSLRA to either rebut the most adequate plaintiff presumption or warrant the appointment of a co-lead plaintiff. *See, e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff."); *Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (the "conflict of interest must be shown," not "theoretical"); *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2006) (rejecting a party's challenge to a prospective lead plaintiff because the movants "offer[ed] no proof" of how potential conflicts would become actual conflicts and because their arguments were "too speculative and hypothetical to rebut the presumption"). Indeed, the "statute presumes that 'one lead plaintiff can vigorously pursue all available causes of action against all possible defendants under all available legal theories.'" *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *10 (S.D. Cal. Jan. 5, 2004) (citation omitted).

Finally, Mr. Ferraiori has already conceded that an investor is not required to have standing for all securities to act as lead plaintiff as his motion was filed seeking to represent the ***entire*** class of purchasers of Triterras securities, despite that he himself claims to have only purchased warrants.

- 4 -

Mr. Ferraiori's request to be appointed as co-lead plaintiff should be denied.

### B.    Mr. Ferraiori is an Unknown Individual Lacking the Largest Financial Interest

Not only does Mr. Ferraiori not possess the largest financial interest, but his application should also be denied because he is an unknown individual who failed to provide any basic information about himself to enable the Court to find him adequate to lead this litigation. Indeed, "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task." *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005). Courts routinely find that movants who only provide their name – which is all that Mr. Ferraiori has supplied here – and nothing more, have failed to make the preliminary Rule 23 showing. *See Camp v. Qualcomm Inc.*, 2019 WL 277360, at *2-*3 (S.D. Cal. Jan. 22, 2019) (noting that because the competing movant "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," the court found "it difficult to determine whether [movant] would indeed be a typical plaintiff for the class").[3]

---

[3]    *See also Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021)("There is a dearth of information upon which the Court can determine whether Li would be able to adequately assume the role of Lead Plaintiff."); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) ("Here, the Aroras, as individual investors, have provided the Court with little to go on with respect to their alleged capacity to manage this litigation. For example, the Certifications supplied by the Aroras note that they have not served as a lead plaintiff in a securities action within the past three years, and the Court has no knowledge as to whether the Aroras have ever had any experience serving as lead plaintiff prior to that. . . . Given this lack of information, the Court is skeptical that the Aroras are equipped to serve as lead plaintiff."); *Clair*, 232 F.R.D. at 226-27 (finding "no evidence that [individual lead plaintiff movants] are the type of sophisticated investor who can control a multi-million dollar class action"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that the "record contains no evidence that [the individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304-05 (M.D. Fla. 2000) (lack of information concerning plaintiff's "identity, resources, and experience" prevented appointment as lead plaintiff).

- 5 -

Given the dearth of information regarding Mr. Ferraiori, it is therefore impossible for the Court to even begin to attempt to make the typicality and adequacy determination required by the PSLRA. Without the timely submission of such basic information, Mr. Ferraiori has not made the required Rule 23 showing and cannot trigger the PSLRA's presumption and his motion must be denied.

## III.    CONCLUSION

Mr. Erlandson possesses the largest financial interest in the relief sought by the class. He also meets the requirements of adequacy and typicality, and the presumption which lies in his favor cannot be rebutted. Mr. Ferraiori not only does not possess the largest financial interest in the relief sought by the class, but is also an unknown individual. Accordingly, Mr. Erlandson respectfully requests that this Court enter an order appointing him to serve as Lead Plaintiff, approving his selection of Lead Counsel, and denying the motion for appointment as lead plaintiff filed by Mr. Ferraiori.

DATED:  March 12, 2021                    Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 12, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4820-1429-7056.v1

# Mailing Information for a Case 7:20-cv-10795-CS Ferraiori v. Triterras, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)