UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ――――――――――――――――――― x | | |
| JOHN A. ERLANDSON and JAMES IAN NORRIS, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 7:20-cv-10795-CS |
| | : | CLASS ACTION |
| Plaintiffs, | : : | STIPULATION AND AGREEMENT OF |
| vs. | : : | SETTLEMENT |
| | : | |
| TRITERRAS, INC. (f/k/a NETFIN HOLDCO), NETFIN ACQUISITION CORP., TRITERRAS FINTECH PTE. LTD., MVR NETFIN LLC, RICHARD MAURER, MARAT ROSENBERG, VADIM KOMISSAROV, GERALD PASCALE, SRINIVAS KONERU, JAMES H. GROH, ALVIN TAN, JOHN A. GALANI, MATTHEW RICHARDS, VANESSA SLOWEY and KENNETH STRATTON, | : : : : : : : : : : : | |
| Defendants. | : : : | |
| ――――――――――――――――――― x | | |

This Stipulation and Agreement of Settlement, dated as of April 27, 2022 ("Stipulation"), is entered into by and among the following parties to this putative class action ("Action" or "Litigation," as further defined herein), by and through their counsel: (i) Plaintiffs John A. Erlandson ("Erlandson") and James Ian Norris ("Norris," and together with Erlandson, "Plaintiffs"); and (ii) Defendants Triterras, Inc. ("Triterras" or "Company"), Netfin Acquisition Corp. ("Netfin"), Triterras Fintech Pte. Ltd. ("Fintech"), MVR Netfin LLC ("MVR"), Richard Maurer ("Maurer"), Marat Rosenberg ("Rosenberg"), Vadim Komissarov ("Komissarov"), Gerald Pascale ("Pascale"), Srinivas Koneru ("Koneru"), James H. Groh ("Groh"), Alvin Tan ("Tan"), John A. Galani ("Galani"), Matthew Richards ("Richards"), Vanessa Slowey ("Slowey"), and Kenneth Stratton ("Stratton") (together, "Defendants"). This Stipulation memorializes the terms on which Plaintiffs and Defendants (together, "Parties") have agreed to resolve this Litigation ("Settlement"), and is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to approval of the Court and the terms and conditions in this Stipulation.   All capitalized terms are defined herein.

## I.  THE LITIGATION

On December 21, 2020, Raffaele Ferraiori ("Ferraiori"), a putative purchaser of Triterras warrants, commenced this Action, then captioned *Ferraiori v. Triterras, Inc., et al.*, Case No. 7:20-cv-10795-CS, by filing a Class Action Complaint for Violations of the Federal Securities Laws ("Complaint," ECF No. 1) in the United States District Court for the Southern District of New York ("Court").   On behalf of a proposed class of purchasers of Triterras securities from August 20, 2020 to December 16, 2020, the *Ferraiori* Complaint asserted claims against Triterras, Koneru, and Rosenberg under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and United States Securities and Exchange Commission ("SEC") Rule 10b-5.

As set forth in the *Ferraiori* Complaint, these claims generally involved an alleged failure to disclose the extent of Triterras's reliance on Rhodium Resources Pte. Ltd. ("Rhodium"), a related party, and that Rhodium faced liabilities that jeopardized their relationship.  According to the *Ferraiori* Complaint, news of Rhodium's financial difficulties, which Triterras disclosed on December 17, 2020, undermined statements about Triterras's business and prospects, caused the trading price of Triterras securities to decline, and resulted in investors' losses.

Between February 19, 2021 and March 12, 2021, briefing on the appointment of lead plaintiff and lead counsel took place under the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Ferraiori and Erlandson filed competing applications (ECF Nos. 5-16).  On April 15, 2021, the Court held argument and granted Erlandson's motion, issuing an order appointing Erlandson as Lead Plaintiff and approving his counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), as Lead Counsel (ECF No. 20).

On July 1, 2021, Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint," ECF No. 38).  Spanning 381 numbered paragraphs over 142 pages, the Amended Complaint augmented the claims and allegations in the Action, naming an additional 12 defendants in addition to Triterras, Koneru, and Rosenberg, and asserting claims under both the Exchange Act and the Securities Act of 1933 ("Securities Act").

The Amended Complaint asserted these claims on behalf of Persons who purchased or otherwise acquired the Class A common stock or warrants of Triterras from June 29, 2020 to and including January 14, 2021 ("Class Period"), including those purchases pursuant or traceable to (a) Triterras's November 10, 2020 issuance of securities in connection with Netfin's acquisition of Fintech in forming Triterras and (b) the (i) Form F-4 registration statement and prospectus filed with the SEC by Holdco on August 28, 2020 and subsequent amendments filed with the SEC; and

- 2 -

(ii) preliminary proxy statement and prospectus filed with the SEC by Netfin on August 31, 2020 and subsequent amendments filed with the SEC (the "Materials").  The claims arose from alleged misstatements and omissions about several subjects: (i) relationships between insiders at Netfin and Fintech and the employment history of certain executives, some of whom occupied management-level positions at Triterras; (ii) the way Netfin's acquisition of Fintech arose from the transactions which resulted in forming Triterras; (iii) Rhodium's financial condition and implications for Triterras's business; (iv) the users of Fintech's trading platform; and (v) the state of the commodities trade financing industry.  The Amended Complaint alleged that investors suffered losses when the trading price of Triterras securities declined after the December 17, 2020 disclosure on Rhodium and the publication of reports on December 17, 2020 and January 14, 2021 about insider relationships, alleged related-party transactions, and other information.

After filing the Amended Complaint, Robbins Geller, on behalf of Plaintiffs and the putative class, continued investigating the allegations and engaged in discussions concerning the acceptance of service of the Amended Complaint by the additional defendants, including those located abroad.  After further investigation and evaluation, Plaintiffs raised the prospect of attempting to resolve the Action through mediation, and Defendants agreed.

The Parties engaged the services of Jed D. Melnick, Esq., an experienced and nationally recognized mediator with JAMS, to conduct an all-day mediation on October 8, 2021.  Shortly before the mediation, each side submitted a confidential mediation statement to Mr. Melnick.  On October 8, 2021, Mr. Melnick conducted an all-day virtual mediation session over Zoom.  Each side discussed the perceived strengths and weaknesses of their respective positions with Mr. Melnick, as well as the range of potential damages.  Although the mediation concluded without a

settlement, the process was productive and the Parties agreed to continue exploring a potential resolution with Mr. Melnick's assistance.

On October 28, 2021, as negotiations continued regarding a potential resolution of this Action, Triterras announced that its Audit Committee had concluded an investigation, with the assistance of outside advisors, into the allegations contained in the January 14, 2021 report, and determined that those allegations "lack either factual support or material basis" and "do not require additional action by the Company."

In November 2021, Mr. Melnick presented the Parties with a mediator's proposal to assist them in forging an agreement in principle to resolve the Action, subject to formal and customary documentation and, later, approval by the Court.  An agreement was not immediately reached, but the Parties continued to discuss various terms.

On January 22, 2022, the served parties executed a Memorandum of Understanding, which set forth their non-binding agreement in principle to resolve the Action in exchange for a total payment of $9 million to the Class, inclusive of fees and costs.  The Parties then negotiated the terms of this Stipulation.

## II.    PLAINTIFFS' CLAIMS AND THE BENEFIT OF SETTLEMENT

Plaintiffs believe the claims asserted in the Litigation have merit and that evidence exists to support them.  However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. They have also taken into account the uncertainty and risk of continued litigation, including the difficulties and delays inherent in complicated securities class actions, and recognize the inherent challenges in developing admissible evidence to prove their claims and overcome defenses to the securities law violations asserted in the Action, particularly for claims arising under the PSLRA.

4896-2212-6359.v3

Accordingly, based on their evaluation, Plaintiffs and their counsel believe that the Settlement confers substantial benefits on the Class while eliminating the risk and uncertainty of continued litigation, including the possibility that Defendants might prevail, in whole or in part.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny every claim alleged and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny that Plaintiffs or the Class have suffered any damage, that the price of Triterras securities was artificially inflated by alleged misrepresentations, nondisclosures or otherwise, or that Plaintiffs or the Class were harmed by the conduct alleged in the Litigation.  Defendants believe that they acted properly at all times and that the Litigation is without merit and maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that participating further in the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and Class Members) and Defendants, by and through their respective counsel, that, subject to approval of the Court, the Litigation and the Released Claims shall be

4896-2212-6359.v3

finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Settling Parties upon and subject to the terms and conditions of the Stipulation.

1.     **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Class" means all Persons who purchased or otherwise acquired the Class A common stock or warrants of Triterras from June 29, 2020 to and including January 14, 2021. Excluded from the Class are Defendants and their families, officers, affiliates, entities in which they have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any Persons who timely and validly request exclusion from the Class, as approved by the Court.

1.4     "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5     "Class Period" means the period from June 29, 2020 to and including January 14, 2021.

1.6     "Defendants" means the defendants named in the Amended Complaint, consisting of Triterras, Netfin, Fintech, MVR, Maurer, Rosenberg, Komissarov, Pascale, Koneru, Groh, Tan, Galani, Richards, Slowey, and Stratton.

1.7     "Defendants' Counsel" means the law firms of Cahill Gordon & Reindel LLP, Duane Morris LLP, White & Case LLP, and DLA Piper LLP (US).

- 6 -

1.8     "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Plaintiffs' attorneys' fees and expenses, payments to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11    RESERVED.

4896-2212-6359.v3

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, New York 11747.

1.14    "Litigation" or "Action" means this action, captioned *Erlandson v. Triterras, Inc., et al.*, Case No. 7:20-cv-10795-CS (S.D.N.Y.).  ECF citations are to the docket in this Action.

1.15    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and interest and any award to Plaintiffs, provided for herein or approved by the Court, and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.16    RESERVED.

1.17    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Plaintiffs" means the plaintiffs named in the Amended Complaint, consisting of Court-appointed Lead Plaintiff Erlandson and additional plaintiff Norris.

1.19    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

4896-2212-6359.v3

1.20   "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.21   "Related Parties" means each Defendant's respective present, former, or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, underwriters, consultants, investment bankers, commercial bankers, joint ventures, insurers, and re-insurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, representatives, assigns, and assignees of each of them, in their capacity as such.

1.22   "Released Claims" means any and all claims, demands, rights, causes of action, or liabilities (including Unknown Plaintiffs' Claims, defined below), that could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based on, arising from or relating to: (i) the purchase or acquisition of Class A common stock or warrants of Triterras during the Class Period; and (ii) the acts, facts, statements or omissions that were or could have been alleged or asserted by Plaintiffs relating to conduct which occurred during the Class Period. The conduct covered in subsection ii of this paragraph includes, but is not limited to, Netfin's and/or the other Defendants' alleged involvement, during the Class Period, in: (a) forming Holdco, issuing Triterras securities, and soliciting purchasers of Triterras securities, all of which allegedly violated the Securities Act of 1933; (b) making any allegedly misleading statements or omissions,

including any such statements or omissions that could have induced investors to purchase Triterras securities, all of which allegedly violated the Securities Exchange Act of 1934; and (c) controlling any primary violators of the federal securities laws, which conduct allegedly violated both the Securities Act of 1933 and the Securities Exchange Act of 1934.  Released Claims does not include claims to enforce the Settlement.

      1.23    "Released Persons" means each and all of Defendants and their Related Parties.

      1.24    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every plaintiff, Class Member, Plaintiff, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

      1.25    "Settlement Amount" means Nine Million Dollars ($9,000,000.00) in cash to be paid by wire transfer or check sent by overnight mail to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

      1.26    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto, and which may be reduced by payments or deductions as provided for herein and approved by Court order.  Such amount is paid as consideration for the full and complete settlement of all the Released Claims.

      1.27    "Settling Parties" means, collectively, Defendants, Plaintiffs, and the Class.

- 10 -

1.28   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.29   "Unknown Defendants' Claims" means claims referenced in ¶4.4 below which Defendants do not know or suspect to exist in their favor at the time of the release of Plaintiffs, the Class Members, and Plaintiffs' counsel which, if known to them, might have affected their settlement with and release of Plaintiffs, Class Members, and Plaintiffs' counsel.  With respect to any and all such claims, the Settling Parties stipulate and agree that, upon the Effective Date, Defendants shall expressly waive the provisions, rights, and benefits of California Civil Code §1542, recited below, as well as any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Defendants may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the claims referenced in ¶4.4 below, but Defendants expressly release any and all such claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

1.30   "Unknown Plaintiffs' Claims" means any Released Claims which Plaintiffs or the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by them, might have affected their settlement with and release of the Released Persons, or might have affected their decision with respect to this

- 11 -

Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and the Releasing Plaintiff Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly waive, compromise, discharge, extinguish, settle and release and each Releasing Plaintiff Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge,

- 12 -

and the Releasing Plaintiff Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

### 2. The Settlement

#### a. Class Certification

2.1    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Litigation as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Plaintiffs as Class representatives for the Class; and (c) appointment of Lead Counsel as Class counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  If the Settlement does not become effective for any reason, the stipulations provided for in this paragraph shall be null and void and shall not be referred to or used in any way in this Action or in any litigation, and the position of the Parties with respect to class action certification will be restored to that set forth in ¶7.6.

#### b. The Settlement Amount

2.2    Triterras and/or relevant insurers, on behalf of all Defendants, shall pay or cause to be paid at least half of the Settlement Amount ($4.5 million) by wire transfer or check sent by overnight mail in accordance with instructions to be provided by the Escrow Agent within ten (10) calendar days of the entry of an order granting preliminary approval of the Settlement.  The remaining balance shall be paid by Triterras and/or relevant insurers by wire transfer or check sent by overnight mail in accordance with instructions provided by the Escrow Agent, within fourteen (14) calendar days of the entry of an order preliminarily approving the Settlement.  If the payment due date falls on a weekend or federal holiday, the payment due date will be on the next business

day.  Alternatively, if the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the Settlement but only if (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within three (3) calendar days after Lead Counsel has provided such written notice (with the same provision above if the payment date lands on a weekend or federal holiday).  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.  No other Defendant shall be responsible for the Settlement Amount.

2.3    The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Released Claims.  The Settlement Amount paid by Triterras and/or relevant insurers on behalf of the Defendants is the sole monetary responsibility of the Released Persons under this Stipulation, and Releasing Plaintiff Parties who do not timely seek to exclude themselves from the Class shall not look to any of Defendants or Defendants' respective Related Parties for satisfaction of any or all Released Claims.  The Released Persons are not responsible for payment of Notice and Administration Expenses as defined below, or any out-of-pocket expenses, other than out of the Settlement Amount, as provided herein.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with

the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

     **c.**  **The Escrow Agent**

   2.4  The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

   2.5  Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

4896-2212-6359.v3

2.6     The Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

2.7     It is Lead Counsel's sole responsibility to disseminate the Notice (as defined below) and summary notice to the Class in accordance with this Stipulation and as ordered by the Court. Defendants shall not bear any cost or responsibility for class notice, administration, or the allocation of the Net Settlement Fund among Authorized Claimants.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

### d.     Taxes

2.8     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  The Escrow Agent is responsible for timely and properly preparing and delivering the necessary documentation for signature by all necessary parties, and thereafter causing the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

- 16 -

necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling

- 17 -

Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

> **e.    Termination of Settlement**

2.9    In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

> **3.    Preliminary Approval Order and Settlement Hearing**

3.1    Promptly, but no later than two (2) weeks after executing this Stipulation with Exhibits, Lead Counsel shall submit the Stipulation and related materials to the Court and shall apply for entry of an order ("Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice ("Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2    Lead Counsel shall promptly request that after notice is given, the Court hold a hearing ("Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and Plaintiffs' request for an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

- 18 -

4.      **Releases**

4.1      Upon the Effective Date, Plaintiffs shall, and each of the Releasing Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against the Released Persons, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2      The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3      Upon the Effective Date, all Releasing Plaintiff Parties, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.  Notwithstanding the foregoing, nothing in this

- 19 -

Stipulation or its Exhibits shall be construed as limiting, modifying or otherwise affecting any indemnification rights, insurance coverage or policies that may be available to any of the Released Persons.

### 5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay attorneys' fees and expenses of counsel for Plaintiffs ("Fee and Expense Award"), and to pay Plaintiffs an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions in this paragraph 5.

5.4     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in

the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified therein.  Any Person who files a Proof of Claim and Release shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.

5.5     All Members of the Class (except Persons who request exclusion) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

5.6     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible, and within the sooner of three (3) calendar days of Lead Counsel's receipt or fourteen (14) calendar days prior to the Settlement Hearing.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release or a request for exclusion within the applicable period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Persons concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by

- 21 -

the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the New York Bar Foundation. Upon exhaustion of the Settlement Fund, the Claims Administrator shall within five (5) business days thereafter take down, deactivate or otherwise delete any website or domain established for purposes of publicizing or administering the Settlement.

5.9    Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.11 hereof; and the Releasing Plaintiff Parties, Plaintiffs, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.10    No Person shall have any claim against Defendants or their Related Parties (including, without limitation, attorneys for Defendants), Plaintiffs, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or

- 22 -

distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein.

### 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications ("Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel, if any, in any manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

- 23 -

6.3     If the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and if the Fee and Expense Award has been paid to any extent, then (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of plaintiffs' counsel who have received any portion of the Fee and Expense Award, shall, within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination.  Any refunds required pursuant to this paragraph shall be the several obligation of Plaintiffs' counsel, including their partners and/or shareholders.  Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     RESERVED.

6.5     The procedure for and allowance or disallowance by the Court of any applications by any plaintiffs' counsel for attorneys' fees and expenses, or an award to Plaintiffs, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of the Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and

- 24 -

expenses, any award to Plaintiffs or Lead Counsel, or any appeals from such awards.  Any order

or proceeding relating to the Fee and Expense Application, or Plaintiffs' application for an award,

or any appeal from any order relating thereto or reversal or modification thereof, shall not operate

to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the

Stipulation and the Settlement of the Litigation set forth therein.

6.6     Any fees and/or expenses awarded by the Court shall be paid solely from the

Settlement Fund.  Defendants and their Related Parties shall have no responsibility for, and no

liability whatsoever with respect to, any payment of attorneys' fees and/or expenses to plaintiffs'

counsel or to Plaintiffs.

6.7     Defendants and their Related Parties shall have no responsibility for the allocation

among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee

and Expense Award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or
Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all

of the following events:

(a)     the Settlement Amount has been deposited into the Escrow Account;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1

hereof, substantially in the form set forth in Exhibit A attached hereto;

(c)     the Court has granted final approval to the Settlement as described herein,

following notice to the Class and a hearing, as required by Rule 23 of the Federal Rules of Civil

Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached

hereto;

- 25 -

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of Triterras and/or any relevant insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Triterras's counsel mutually agree in writing to proceed with the Stipulation.

7.3     Defendants shall have the option to terminate the Settlement if Class Members representing more than a certain percentage of Triterras Class A common stock and warrants subject to this Settlement exclude themselves from the Class in accordance with the Notice, as set forth in a confidential separate agreement (the "Supplemental Agreement") to be executed between Plaintiffs and Defendants, by and through their counsel, concurrently with this agreement.  The terms of the Supplemental Agreement shall not be disclosed in any other manner other than the statements herein and in the Notice, or as otherwise provided in the Supplemental Agreement unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Court review the Supplemental Agreement *in camera* without filing it on the docket.  If the Court requires that the Supplemental Agreement be filed, the Parties shall request that it be filed under seal or with the percentage redacted.

7.4     Each of Plaintiffs and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice")

- 26 -

to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order substantially in the form set forth in Exhibit A attached hereto; (b) the Court's refusal to approve this Stipulation; (c) the Court's refusal to enter the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (e) the failure of the Effective Date to occur for any reason.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or any amount awarded to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5     Unless otherwise ordered by the Court, if the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the terminating Settling Party to the other Settling Parties and the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.6 and 2.8 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.8 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel.

7.6     If the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling

- 27 -

Parties shall be restored to their respective positions in the Litigation as of January 22, 2022.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.30, 2.6-2.9, 6.3-6.4, 7.4-7.6, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of Plaintiffs' counsel or award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.6 or 2.8.  In addition, any expenses already incurred pursuant to ¶¶2.6 or 2.8 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.9 and 7.5 hereof.

7.8     In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of Defendants to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any Defendant, then, at the election of Plaintiffs, as to Defendants, the Settlement may be terminated and the Judgment entered in favor of Defendants

- 28 -

pursuant to the Settlement shall be null and void and the Settlement Fund shall be promptly returned.  Alternatively, at the election of Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Defendants and that the Defendants and Plaintiffs and the Members of the Class shall be restored to their litigation positions as of January 22, 2022, and the Settlement Fund shall be promptly returned.

### 8.     No Admission of Wrongdoing

8.1     The Settling Parties agree that the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), and any communication relating thereto, are not evidence, nor an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

8.2     Throughout the course of the Action, Defendants have denied and continue to deny liability and maintain that they have meritorious defenses.   Nonetheless, Defendants have determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in this Stipulation in order to avoid the cost and burden of litigation.

8.3     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation

- 29 -

that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)     shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d)      shall be construed against Defendants, Plaintiffs, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

8.4      Defendants and/or their respective Related Parties may file this Stipulation and/or Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory or claim preclusion or issue preclusion or similar defense or counterclaim.

## 9.      Miscellaneous Provisions

9.1      The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and, based upon the publicly available information at the time, this Action was filed in good faith, and was not frivolous.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in

- 31 -

good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate (while protecting from disclosure confidential communications made in furtherance of settlement), any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Settling Parties agree that this Stipulation, when signed by or on behalf of the Settling Parties, will be made public and may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

9.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, if there is a conflict or inconsistency between the terms of this Stipulation and any exhibit attached thereto, the terms of this Stipulation shall prevail.

- 32 -

9.7     Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who are entitled to receive notice as provided for therein.  Defendants shall be responsible for mailing such notice within ten (10) calendar days after this Stipulation is filed with the Court, as provided for in 28 U.S.C. §1715(b) and for all expenses and costs related thereto.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.10    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein or in a separate written agreement, each party shall bear its own costs.

9.11    Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.12    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.13    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set

4896-2212-6359.v3

of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

9.14    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

9.15    The Court shall retain jurisdiction with respect to implementing and enforcing the terms of the Stipulation, and all Settling Parties submit to the Court's jurisdiction for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to it. Any such actions, motions, or disputes arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

9.16    Plaintiffs and Defendants agree to suspend all activity in this Litigation except as necessary to present the Settlement to the Court and to cooperate in seeking the Court's approval of the Preliminary Approval Order, which provides that all activity in this Litigation shall be stayed, and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons, pending final approval of the Settlement.

9.17    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.  This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between all Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

4896-2212-6359.v3

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

Dated:  April 27, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
JOSEPH RUSSELLO

JOSEPH RUSSELLO

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
jrussello@rgrdlaw.com

*Lead Counsel for Plaintiffs*

LEVI & KORSINSKY LLP
MARK S. REICH
55 Broadway, 10th Floor
New York, New York 10006
Telephone:  (212) 363-7500
212/363-7171 (fax)
mreich@zlk.com

*Additional Counsel for Plaintiff James Ian Norris*

Dated:  April 27, 2022

CAHILL GORDON & REINDEL LLP
BRADLEY J. BONDI
LANDIS C. BEST

BRADLEY J. BONDI

- 35 -

32 Old Slip
New York, New York 10005
Telephone:  (212) 701-3710
bbondi@cahill.com
lbest@cahill.com

*Counsel for Defendants Triterras, Inc., Netfin*
*Acquisition Corp., Triterras Fintech Pte. Ltd.,*
*Richard Maurer, Srinivas Koneru, James Groh,*
*Alvin Tan, John A. Galani, and Kenneth Stratton*

Dated:  April 27, 2022

DUANE MORRIS LLP
DANA B. KLINGES
PEGGY S. CHEN

_____
DANA B. KLINGES

30 South 17th Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 979-1143
dklinges@duanemorris.com
pschen@duanemorris.com

*Counsel for Defendants Triterras, Inc., Netfin*
*Acquisition Corp., Triterras Fintech Pte. Ltd.,*
*Richard Maurer, Srinivas Koneru, James Groh,*
*Alvin Tan, John A. Galani, and Kenneth Stratton*

Dated:  April 27, 2022

WHITE & CASE LLP
GREGORY STARNER

_____
GREGORY STARNER

1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8839
gstarner@whitecase.com

*Counsel for Defendants MVR Netfin LLC, Marat*
*Rosenberg, Vadim Komissarov, and Gerald*
*Pascale*

- 36 -

32 Old Slip
New York, New York 10005
Telephone:  (212) 701-3710
bbondi@cahill.com
lbest@cahill.com

*Counsel for Defendants Triterras, Inc., Netfin*
*Acquisition Corp., Triterras Fintech Pte. Ltd.,*
*Richard Maurer, Srinivas Koneru, James Groh,*
*Alvin Tan, John A. Galani, and Kenneth Stratton*

Dated:  April 27, 2022

DUANE MORRIS LLP
DANA B. KLINGES
PEGGY S. CHEN

_____

DANA B. KLINGES

30 South 17th Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 979-1143
dklinges@duanemorris.com
pschen@duanemorris.com

*Counsel for Defendants Triterras, Inc., Netfin*
*Acquisition Corp., Triterras Fintech Pte. Ltd.,*
*Richard Maurer, Srinivas Koneru, James Groh,*
*Alvin Tan, John A. Galani, and Kenneth Stratton*

Dated:  April 27, 2022

WHITE & CASE LLP
GREGORY STARNER

_____

GREGORY STARNER

1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8839
gstarner@whitecase.com

*Counsel for Defendants MVR Netfin LLC, Marat*
*Rosenberg, Vadim Komissarov, and Gerald*
*Pascale*

- 36 -

4896-2212-6359.v3

Dated:  April 27, 2022

DLA PIPER LLP (US)
CARYN SCHECHTMAN

_____
CARYN SCHECHTMAN

1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:  (212) 335-4500
caryn.schechtman@dlapiper.com

*Counsel for Defendants Matthew Richards and
Vanessa Slowey*

- 37 -

## INDEX OF EXHIBITS TO STIPULATION AND AGREEMENT OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |