# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | x | |
|---|---|---|
| JOHN A. ERLANDSON and JAMES IAN NORRIS, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 7:20-cv-10795-CS |
| | : | CLASS ACTION |
| Plaintiffs, | : | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| vs. | : | |
| | : | |
| TRITERRAS, INC. (f/k/a NETFIN HOLDCO), NETFIN ACQUISITION CORP., TRITERRAS FINTECH PTE. LTD., MVR NETFIN LLC, RICHARD MAURER, MARAT ROSENBERG, VADIM KOMISSAROV, GERALD PASCALE, SRINIVAS KONERU, JAMES H. GROH, ALVIN TAN, JOHN A. GALANI, MATTHEW RICHARDS, VANESSA SLOWEY and KENNETH STRATTON, | : : : : : : | |
| Defendants. | : | |
| | :x | |

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED THE CLASS A COMMON STOCK OR WARRANTS OF TRITERRAS, INC. ("TRITERRAS") AT ANY TIME FROM JUNE 29, 2020 TO, AND INCLUDING, JANUARY 14, 2021 ("CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE SEPTEMBER 1, 2022**.

- Court-appointed Lead Plaintiff John A. Erlandson and named plaintiff James Ian Norris ("Plaintiffs")[1] have reached a proposed settlement in the amount of $9,000,000 in cash on behalf of the proposed Class ("Settlement").

- The Settlement, if approved by the Court, will: resolve all claims against the Released Persons (as defined below) in this proposed class action ("Action"), including that Triterras investors were misled about its operations and financial results during the Class Period; avoid the costs and risks of continuing the Action; and provide a cash payment to Class Members who timely submit valid claims.

- The Court in charge of the Action still has to decide whether to approve the Settlement. Cash payments will be made to Authorized Claimants eligible to receive payment if the Court approves the Settlement and after any appeals are resolved, which may be a lengthy process. Please be patient.

---

[1]    All capitalized terms used in this Notice that are not defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated April 27, 2022 ("Stipulation"), which is available on the website for this Settlement at www.TriterrasSecuritiesSettlement.com.

## SUMMARY OF THIS NOTICE

### I.    DESCRIPTION OF THE ACTION AND THE CLASS

This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants violated the federal securities law by allegedly failing to make required disclosures to investors regarding Triterras's management, relationships, operations, and financial performance. The proposed Settlement, if approved by the Court, will settle claims of all Persons who purchased or otherwise acquired the Class A common stock or warrants of Triterras from June 29, 2020 to and including January 14, 2021 (the "Class").

### II.    STATEMENT OF THE CLASS'S RECOVERY

Subject to Court approval, Plaintiffs, on behalf of the proposed Class, have agreed to settle all claims in the Action in exchange for a cash payment of $9,000,000 ("Settlement Amount"). The claims that will be resolved by the Settlement include any and all claims (including Unknown Plaintiffs' Claims as set forth below) that could have been asserted based on, arising from or relating to: (i) the purchase or acquisition of the Class A common stock or warrants of Triterras during the Class Period, which covers the period from June 29, 2020 to and including January 14, 2021; and (ii) the acts, facts, statements or omissions that were or could have been alleged or asserted by Plaintiffs in this Action relating to conduct which occurred during the Class Period.  The Settlement Amount will be deposited in an interest-bearing escrow account ("Settlement Fund").

Based on the proposed Plan of Allocation, and assuming that valid claims are submitted for every eligible Class A common share or warrant of Triterras (which is unlikely), the estimated average recovery is $0.25 per share and $0.05 per warrant, before deducting fees, expenses or other awards that the Court may approve.  If the Court grants the fee, expense and award applications in full, all awarded fees, costs, and expenses together will represent about $0.088 per share and about $0.016 per warrant. A Class Member's actual recovery will depend on various factors, including: (1) the number of claims filed; and (2) the timing and amount of any purchases, acquisitions and sales of Triterras securities.

The Net Settlement Fund (which is the Settlement Fund less taxes, tax expenses, notice and administration costs, attorneys' fees and litigation expenses awarded to Lead Counsel and any award to Plaintiffs) will be distributed in accordance with a plan of allocation ("Plan of Allocation") to be approved by the Court. The proposed Plan of Allocation is included in this Notice.

### III.    STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

The Settling Parties do not agree on whether Plaintiffs would have prevailed on their claims against Defendants. Nor do they agree on the average amount of damages that Class Members could have recovered if Plaintiffs prevailed on their claims on behalf of the Class.

The issues on which the Settling Parties disagree include: (i) whether any Defendant failed to make required disclosures during the Class Period; (ii) whether Defendants' conduct, even if true, caused harm to Class Members for which damages could be recovered if Plaintiffs prevailed on any claim alleged; (iii) the amounts by which the value or trading price of Triterras securities were artificially inflated, if at all, during the Class Period; (iv) the extent to which external factors, such as general market, economic and industry conditions, influenced the trading price of Triterras securities during the Class Period; (v) who, if anyone, can be included in the Class; (vi) the amount, if any, of alleged damages suffered by purchasers or acquirers of Triterras Class A common stock or warrants during the Class Period; and (vii) whether Defendants had meritorious defenses to Plaintiffs' claims.

Defendants deny that they have engaged in any wrongdoing as alleged by Plaintiffs, deny any liability whatsoever for any of the claims that Plaintiffs alleged in this Action, and deny that the price or value of Triterras securities was artificially inflated by misstatements and omissions alleged by Plaintiffs. Plaintiffs maintain that they brought the Action in good faith and that there was and is factual support for their claims, even if it would be difficult to prove the claims or recover damages allegedly resulting from their claims.

The proposed Settlement eliminates the risks and uncertainties associated with this Litigation for both Plaintiffs and Defendants and provides Class Members with the certainty of a monetary recovery regardless of Plaintiffs' ability to prove these claims, or Defendants' ability to defeat these claims, at trial.

### IV.    STATEMENT OF ATTORNEYS' FEES AND LITIGATION EXPENSES SOUGHT

Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount up to one-third of the Settlement Amount plus an award of litigation expenses incurred in connection with prosecuting and resolving the Action, in an amount not to exceed $100,000, plus interest on both amounts from the date of funding at the same rate as earned by the Settlement Fund.  Plaintiffs will also apply for an award in an amount not to exceed $10,000 each (for a total of $20,000) in connection with their representation of the proposed Class.

QUESTIONS? PLEASE CALL 1-888-850-0265 OR VISIT WWW.TRITERRASSECURITIESSETTLEMENT.COM

## V.    IDENTIFICATION OF ATTORNEYS FOR PLAINTIFFS AND THE CLASS

Plaintiffs and the Class are represented by Court-appointed Lead Counsel: Joseph Russello, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, New York 11747, Telephone: 1-800-449-4900.

## VI.    REASONS FOR SETTLEMENT

For Plaintiffs, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery for the Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved, if the Action proceeded and the Court decided Defendants' forthcoming motions to dismiss, any motion for class certification, or any summary judgment motions, or after a contested trial and likely appeals were resolved, possibly years into the future. For Defendants, who deny all allegations of liability, fault or wrongdoing whatsoever and that any Class Members were damaged, the principal reason for the Settlement is to eliminate the burden, expense, and uncertainty of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM POSTMARKED (OR ONLINE) NO LATER THAN SEPTEMBER 1, 2022.** | This is the only way to be potentially eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN AUGUST 16, 2022.** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants concerning the claims that were, or could have been, asserted in this Action. It is also the *only* way for Class Members to remove themselves from the Class. **If you are considering excluding yourself from the Class, please note that there is a risk that any new claims asserted against Defendants would be time-barred. You should talk to a lawyer before you request exclusion from the Class for the purpose of bringing a separate lawsuit.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN AUGUST 16, 2022.** | Write to the Court and counsel identified herein and explain why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses or award to Plaintiffs. In order to object, you must remain a Class Member, may not request to exclude yourself from the Class, and will be bound by the Court's determinations. |
| **GO TO THE HEARING ON SEPTEMBER 6, 2022, AT 2:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN AUGUST 16, 2022.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and expenses or requested award to Plaintiffs. |
| **DO NOTHING.** | You will not be eligible to receive a payment from the Settlement, you will give up your rights and release claims against Defendants and other Related Parties, and you will still be bound by the Settlement. |

## WHAT THIS NOTICE CONTAINS

1. **Why did I get this Notice package?** ...................................................................................................Page 4

2. **What is this lawsuit about and what has happened so far?** ...............................................................Page 5

3. **How do I know if I am part of the Settlement?** ..................................................................................Page 5

4. **Are there exceptions to being included in the Class?** ......................................................................Page 5

5. **What does the Settlement provide?** ...................................................................................................Page 5

6. **How much will my payment be?** .........................................................................................................Page 6

7. **How and when can I get a payment?** ................................................................................................Page 6

8. **What am I giving up by staying in the Class?** ...................................................................................Page 6

9. **How do I "opt out" (exclude myself) from the proposed Settlement?** ...............................................Page 7

10. **If I do not exclude myself, can I sue Defendants and other Related Parties for the same thing later?** ........................................................................................................Page 8

11. **Do I have a lawyer in this case?** .......................................................................................................Page 8

12. **How will the lawyers be paid?** ..........................................................................................................Page 8

13. **How do I tell the Court that I do not like something about the proposed Settlement?** ...........Page 8

14. **When and where will the Court decide whether to approve the proposed Settlement?** ...........Page 9

15. **Do I have to come to the hearing and may I speak at it if I do?** .......................................................Page 9

16. **What happens if I do nothing at all?** ..............................................................................................Page 9

17. **Are there more details about the proposed Settlement and this Action?** ......................................Page 9

    **Plan of Allocation of Net Settlement Fund** .........................................................................................Page 9

18. **What if I bought the Class A common stock or warrants on someone else's behalf?** ...........Page 12

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired Triterras Class A common stock or warrants during the Class Period. The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement, and about all of their options, before the Court decides whether to approve the Settlement. If approved, the Settlement will end all of the Class's claims against the Defendants.

The Court will consider whether to approve the Settlement at a Settlement Hearing on September 6, 2022, at 2:30 p.m. If the Court approves the Settlement, and after any appeals are resolved and the Settlement administration is completed, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the U.S. District Court for the Southern District of New York, and the case is known as *Erlandson v. Triterras, Inc., et al.*, Case No. 7:20-cv-10795-CS. U.S. District Judge Cathy Seibel presides over this Action. The people who brought these claims are called "Plaintiffs" and Triterras and others sued are called "Defendants."[2]

---

[2]    Plaintiffs are John A. Erlandson and James Ian Norris. Defendants are Triterras, Netfin Acquisition Corp. ("Netfin"), Triterras Fintech Pte. Ltd. ("Fintech"), MVR Netfin LLC, Richard Maurer, Marat Rosenberg, Vadim Komissarov, Gerald Pascale, Srinivas Koneru, James H. Groh, Alvin Tan, John A. Galani, Matthew Richards, Vanessa Slowey, and Kenneth Stratton.

## 2.       What is this lawsuit about and what has happened so far?

Plaintiffs' claims in the Action are set forth in the Amended Complaint, dated and filed as of July 1, 2021 ("Complaint"). The Complaint alleges that Defendants violated Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").

In general, Plaintiffs allege that Defendants failed to disclose or otherwise misrepresented information about several subjects: (i) relationships between insiders at Netfin and Fintech and the employment history of certain executives, some of whom occupied management-level positions at Triterras; (ii) the way in which Netfin's acquisition of Fintech arose in the series of transactions which resulted in Triterras's formation; (iii) Rhodium's financial condition and implications for Triterras's business; (iv) the users of Fintech's trading platform; and (v) the state of the commodities trade financing industry. The Complaint alleges that investors suffered losses under the Securities Act and the Exchange Act when the trading price of Triterras securities declined after the December 17, 2020 disclosure on Rhodium and the publication of reports on December 17, 2020 and January 14, 2021 about insider relationships, alleged related-party transactions, and other information.

After filing the Complaint, Robbins Geller, on behalf of Plaintiffs and the putative Class, continued investigating the allegations. The parties then engaged the services of Jed D. Melnick, Esq., an experienced mediator with JAMS, to conduct an all-day mediation on October 8, 2021.  Each side submitted a confidential mediation statement to Mr. Melnick and discussed the strengths and weaknesses of their respective positions with Mr. Melnick. Although the mediation concluded without a settlement, each side continued to engage in discussions with Mr. Melnick regarding a resolution. On October 28, 2021, Triterras announced that its Audit Committee had concluded an investigation, with the assistance of outside advisors, into the allegations contained in the January 14, 2021 report, and determined that those allegations "lack either factual support or material basis" and "do not require additional action by the Company."

In November 2021, Mr. Melnick presented the parties with a mediator's proposal to resolve the Action. On January 22, 2022, after continued negotiations, the parties reached an agreement-in-principle to resolve the Action. The parties then negotiated the terms of a Stipulation and Agreement of Settlement to memorialize the proposed Settlement described in this Notice.

### WHO IS IN THE SETTLEMENT

## 3.       How do I know if I am part of the Settlement?

The Court has issued an Order, for the purposes of the Settlement only, that everyone who fits the following description, and is not excluded by definition from the Class, is a member of the Class, or a "Class Member," unless they take steps to opt out and exclude themselves:

All persons and entities who purchased or otherwise acquired Triterras Class A common stock or warrants from June 29, 2020 to and including January 14, 2021.

Receipt of this Notice does not mean you are a Class Member. Please check your records or contact your broker to see if you acquired eligible Triterras Class A common stock or warrants.

If you are not sure whether you are included in the Class, please write to *Triterras Securities Settlement,* Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 43339, Providence, RI 02940-3339; call 1-888-850-0265; or visit www.TriterrasSecuritiesSettlement.com. Or you can fill out and return the Proof of Claim described below to see if you qualify.

## 4.       Are there exceptions to being included in the Class?

There are some people who are excluded from the Class by definition, including Defendants and their families, officers, affiliates, entities in which they have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded is anyone who timely and validly requests exclusion from the Class, as approved by the Court.

### THE SETTLEMENT BENEFITS – WHAT YOU MAY RECEIVE

## 5.       What does the Settlement provide?

In the Settlement, Triterras has agreed to pay and/or cause to be paid by its insurer $9 million in cash, which will be deposited in the Settlement Fund, an interest-bearing escrow account for the benefit of the Class. The Settlement Fund will be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes and tax expenses, among all Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court ("Authorized Claimants").

| 6. | How much will my payment be? |
|---|---|

The Plan of Allocation, discussed in detail below, explains how the Net Settlement Fund will be allocated among purchasers and/or acquirers of Triterras Class A common stock or warrants and how claimants' "Recognized Claims" will be calculated. Your share of the Net Settlement Fund will depend on several factors, including when you bought and sold your Triterras Class A common stock or warrants and how much you paid.

It is unlikely that you will receive payment for your entire Recognized Claim, given the number of potential Class Members. After all Class Members have sent in their Proofs of Claim, the payment any Authorized Claimant will get will be their *pro rata* share of the Net Settlement Fund based on the Plan of Allocation approved by the Court.

**HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM**

| 7. | How and when can I get a payment? |
|---|---|

To qualify for a payment, you must sign and timely submit a valid Proof of Claim with supporting documents (DO NOT SEND ORIGINALS of your supporting documents). A Proof of Claim is enclosed with this Notice and is also available at www.TriterrasSecuritiesSettlement.com. Please submit it to the Claims Administrator either by First-Class Mail (*postmarked on or before September 1, 2022*), or online at www.TriterrasSecuritiesSettlement.com (*received no later than September 1, 2022*). *The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine if you are eligible to receive a distribution from the Net Settlement Fund.*

Any Class Member who fails to submit a Proof of Claim by the date identified above shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Settlement unless, by order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted, but shall in all other respects be bound by all terms of the Stipulation and Settlement, including the terms of the Judgment and all releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning the Released Claims.

The Court will hold a hearing to decide whether to approve the Settlement and Plan of Allocation. After all Proofs of Claim are submitted, the Claims Administrator will determine the eligibility and validity of the claims and may request further information, which is a lengthy process. If the Court approves the Settlement, there may still be appeals which would delay payment.

| 8. | What am I giving up by staying in the Class? |
|---|---|

Unless you exclude yourself, you will stay in the Class, which means that as of the date the Settlement becomes effective under the terms of the Stipulation (the "Effective Date"), you on behalf of yourself and your "Releasing Plaintiff Parties" (as defined below) will forever give up and release all "Released Claims" (as defined below), including "Unknown Plaintiffs' Claims" (as defined below), against the "Released Persons" (as defined below). You and your Releasing Plaintiff Parties will not in the future be able to bring a case asserting any Released Claim against any Released Person.

(a)    "Related Parties" means each Defendant's respective present, former, or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, underwriters, consultants, investment bankers, commercial bankers, joint ventures, insurers, and re-insurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, representatives, assigns, and assignees of each of them, in their capacity as such.

(b)    "Released Claims" means any and all claims, demands, rights, causes of action, or liabilities (including Unknown Plaintiffs' Claims, defined below), that could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based on, arising from or relating to: (i) the purchase or acquisition of Class A common stock or warrants of Triterras during the Class Period; and (ii) the acts, facts, statements or omissions that were or could have been alleged or asserted by Plaintiffs relating to conduct which occurred during the Class Period. The conduct covered in subsection ii of this paragraph includes, but is not limited to, Netfin's and/or the other Defendants' alleged involvement, during the Class Period, in: (a) forming Netfin Holdco, issuing Triterras securities, and soliciting purchasers of Triterras securities, all of which allegedly violated the Securities Act of 1933; (b) making any allegedly misleading statements or omissions, including any statements or omissions that could have induced investors to purchase Triterras securities, all of which allegedly violated the Securities Exchange Act of 1934; and (c) controlling any primary violators of the federal securities laws, which conduct allegedly violated both the Securities Act of 1933 and the Securities Exchange Act of 1934. Released Claims does not include claims to enforce the Settlement.

(c)    "Released Persons" means each and all of Defendants and their Related Parties.

QUESTIONS? PLEASE CALL 1-888-850-0265 OR VISIT WWW.TRITERRASSECURITIESSETTLEMENT.COM
6

(d)        "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every plaintiff, Class Member, Plaintiff, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

(e)        "Unknown Plaintiffs' Claims" means any Released Claims which Plaintiffs or the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by them, might have affected their settlement with and release of the Released Persons, or might have affected their decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and the Releasing Plaintiff Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly waive, compromise, discharge, extinguish, settle and release and each Releasing Plaintiff Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Releasing Plaintiff Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep any right you may have to sue or continue to sue the Released Persons on your own about the Released Claims, then you must take steps to exclude yourself from the Class. Defendants may withdraw from and terminate the Settlement if Class Members who purchased or acquired in excess of a certain amount of Class A common stock or warrants opt out from the Class.

If you timely and properly request exclusion from the Class, you will retain any rights you have to sue Defendants yourself with respect to the Released Claims (to the extent those claims are viable under the statutes of limitations and repose applicable to claims under the Securities Act, Exchange Act, or otherwise). Before you decide to request exclusion from the Class, you are urged to consult your counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Class.

| 9. | How do I "opt out" (exclude myself) from the proposed Settlement? |
|---|---|

To "opt out" (exclude yourself) from the Class, you must deliver or mail a signed letter by First-Class Mail stating that you "request exclusion from the Class in *Erlandson v. Triterras, Inc., et al.*, No. 7:20-cv-10795-CS (S.D.N.Y.)." Your letter *must* state the date(s), price(s) and number of Class A common shares or warrants of your purchases, acquisitions and sales during the Class Period, as well as the number of shares or warrants you held at the beginning and end of the Class Period.  This information is needed to determine whether you are a Class Member.  In addition, you must include your name, address, telephone number, and your signature.

You must submit your request for exclusion addressed to *Triterras Securities Settlement,* Claims Administrator, c/o Gilardi & Co. LLC, EXCLUSIONS, 150 Royall Street, Suite 101, Canton, MA 02021. The request for exclusion must be **postmarked on or before August 16, 2022**. **You cannot exclude yourself or opt out by telephone or by email.** Your request for exclusion must comply with these requirements in order to be valid. If you are excluded, you will not be eligible to get any payment from the Settlement proceeds and you cannot object to the Settlement, the proposed Plan of Allocation or the application for attorneys' fees and expenses or an award to Plaintiffs.

QUESTIONS? PLEASE CALL 1-888-850-0265 OR VISIT WWW.TRITERRASSECURITIESSETTLEMENT.COM

| 10. | If I do not exclude myself, can I sue Defendants and other Related Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you or the Releasing Plaintiff Parties may have to sue Defendants and other Related Parties for all Released Claims.

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP as Lead Counsel to represent all Class Members. You will not be separately charged for the services of these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, and Lead Counsel may exercise its discretion to allocate awarded fees among plaintiffs' counsel. Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. | How will the lawyers be paid? |
|---|---|

Lead Counsel have not received any payment for their services, nor have they been paid to this point for any of their litigation expenses.  Lead Counsel will ask the Court to award them from the Settlement Fund attorneys' fees of up to one-third of the Settlement Amount, plus litigation expenses they have incurred in an amount not to exceed $100,000, plus interest on both amounts from the date of funding at the same rate as earned by the Settlement Fund. Plaintiffs will also request awards, pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representing the Class, in a total amount not to exceed $20,000.

## OBJECTING TO THE SETTLEMENT

| 13. | How do I tell the Court that I do not like something about the proposed Settlement? |
|---|---|

If you are a Class Member and do not exclude yourself ("opt out"), you can object to any part of the Settlement, the proposed Plan of Allocation, the application by Lead Counsel for attorneys' fees and expenses, or Plaintiffs' request for an award pursuant to 15 U.S.C. §78u-4(a)(4). Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear at the Settlement Hearing or make any objection.

Any objection must: (i) state the name, address, and telephone number of the objector and must be signed by the objector; (ii) state what the objector is objecting to and the specific reasons for each objection, including legal and evidentiary support for the objection; (iii) state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (iv) include documents sufficient to prove the objector's membership in the Class; and (v) identify any other class actions to which either the objector or their counsel has previously objected.

Your objection must be filed with the U.S. District Court for the Southern District of New York by hand or by mail such that it is **received on or before August 16, 2022**, at the address set forth below. You must also serve the papers on Lead Counsel and Defendant Triterras's Counsel at the address set forth below so that the papers are **received on or before August 16, 2022**.

**COURT:**

CLERK OF THE COURT
United States District Court
  Southern District of New York
The Honorable Charles L. Brieant Jr.
  Federal Building and Courthouse
300 Quarropas Street
White Plains, NY  10601

**LEAD COUNSEL:**

ROBBINS GELLER RUDMAN
  & DOWD LLP
Joseph Russello
58 South Service Road, Suite 200
Melville, NY 11747

**DEFENDANT TRITERRAS'S COUNSEL:**

CAHILL GORDON & REINDEL LLP
Bradley J. Bondi
32 Old Slip
New York, NY  10005

**THE COURT'S SETTLEMENT HEARING**

| 14. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at 2:30 p.m., on September 6, 2022, before the Honorable Cathy Seibel, United States District Judge, at the United States District Court for the Southern District of New York, The Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY10601. At this hearing, the Court will consider whether to approve the Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and Plaintiffs' request for an award.  The Court will also consider written objections filed in accordance with the instructions set out above. We do not know how long it will take the Court to make these decisions.

The Court may change the date and time of the Settlement Hearing without further notice to Class Members.  If you want to attend the hearing, please check with Lead Counsel or the Settlement website to be sure that the date or time has not changed.

| 15. | Do I have to come to the hearing and may I speak at it if I do? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you validly submit an objection, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection a statement that it is your "notice of intention to appear in *Erlandson v. Triterras, Inc., et al.*, No. 7:20-cv-10795-CS (S.D.N.Y.)." You do not have to come to Court to talk about your objection.

**IF YOU DO NOTHING**

| 16. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this Settlement and you and your Releasing Plaintiff Parties will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

**GETTING MORE INFORMATION**

| 17. | Are there more details about the proposed Settlement and this Action? |
|---|---|

This Notice summarizes the proposed Settlement. You may review the Stipulation filed with the Court and all documents filed in the Action during business hours at the Office of the Clerk of the Court at 300 Quarropas Street, White Plains, NY 10601, or through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

You can also contact the Claims Administrator or Lead Counsel or visit the Settlement website. **Please do not call the Court, the Clerk's Office, Defendants, or Defendants' Counsel with questions about the Settlement.**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

The Net Settlement Fund will be distributed to Class Members who have submitted a valid and timely Proof of Claim. Such Class Members may receive a distribution only if they have an overall net loss on their transactions in Triterras securities during the Class Period.

Net loss is calculated by subtracting all profits from transactions in a particular Triterras security during the Relevant Period (defined below) from all losses in that same security. If you had a market gain with respect to overall transactions in a security during the Relevant Period, the value of the Recognized Claim for that security shall be zero.  If you suffered an overall market loss with respect to overall transactions in a security during the Relevant Period, but that market loss was less than the total Recognized Claim calculated below, then the Recognized Claim for that security shall be limited to the amount of your actual market loss.

To prepare the Plan of Allocation and determine the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel conferred with an outside financial consultant who specializes in assessing damages and developing plans of allocation in securities class actions. The Plan of Allocation reflects a reasonable allocation of the Net Settlement Fund based on an evaluation of the trading price of Triterras Class A common stock and warrants in relation to the alleged revelation of previously concealed information, as alleged in the Complaint.

The Plan of Allocation takes into account the dates on which the public disclosure of relevant information occurred and the market's reaction to this information. Given the information disclosed and other relevant factors, the Plan of Allocation weights the January 14, 2021 disclosure at 50% (as reflected in Tables A and B, below).

A "Recognized Claim" is the sum of the Recognized Loss amounts for Eligible Shares and Eligible Warrants (defined herein), as determined in accordance with Sections A and B, below.  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the size of their Recognized Claims relative to the aggregate amount

of Recognized Claims submitted. If any Authorized Claimant's Distribution Amount is less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Payment pursuant to the Plan of Allocation is conclusive against all Authorized Claimants. Defendants, their counsel, and all Related Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person has a legal claim against Plaintiffs, Plaintiffs' counsel, any claims administrator, any other agent designated by Plaintiffs' counsel, or Defendants or Defendants' Counsel, based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

Each Authorized Claimant will be deemed to have submitted to the jurisdiction of the Court with respect to their Proof of Claim. The Court has reserved jurisdiction to hear an appeal of any determination regarding a Class Member's claim and to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

### Eligible Shares and Eligible Warrants

Publicly tradable Class A common shares and warrants of **Triterras** purchased on or between November 10, 2020 and January 14, 2021 are potentially eligible for damages under the Securities Act and the Exchange Act. Publicly tradable Class A common shares and warrants of **Netfin** are potentially eligible for damages under the Securities Act if they were held until the close of trading on November 10, 2020 **and then converted** into Class A common shares or warrants of Triterras. All such shares and warrants will be deemed "Eligible Shares" and "Eligible Warrants," respectively.

As set forth below, Tables A and B provide calculations of Recognized Loss for Eligible Shares and Eligible Warrants, while Table C describes additional information about the calculation of Recognized Losses. No Recognized Losses shall be recognized on any sales of Eligible Shares or Eligible Warrants that took place before December 17, 2020, because such securities would have been sold before the date of the first public disclosure of relevant information alleged in the Complaint (as explained above).

### A.      Calculation of Recognized Losses on Eligible Shares

For each Eligible Share, the Recognized Loss for each such share shall be the inflation per share on the date of purchase minus the inflation per share on the date of sale, as set forth in Table A, below (unless a lower Recognized Loss amount would result by applying the loss limitation rules (caps) set forth below, in which case the lower amount will apply). For all Netfin Class A common shares converted into Triterras Class A common shares (and thus Eligible Shares), the purchase price will be deemed $10.50 per share.

**Table A:      Calculation of Inflation Per Share on Eligible Shares**

**Based on Date of Purchase and Sale**

| Period | Beginning Transaction Date | Ending Transaction Date | Inflation per Share |
|--------|----------------------------|-------------------------|---------------------|
| 1 | 10-Nov-2020 | 16-Dec-2020 | $5.08 |
| 2 | 17-Dec-2020 | 17-Dec-2020 | Price minus $8.20 |
| 3 | 18-Dec-2020 | 18-Dec-2020 | Price minus $8.17 |
| 4 | 21-Dec-2020 | 21-Dec-2020 | Price minus $8.25 |
| 5 | 22-Dec-2020 | 13-Jan-2021 | $2.08 |
| 6 | 14-Jan-2021 | 14-Jan-2021 | 50% of (Price minus $8.17) |
| 7 | 15-Jan-2021 | 15-Jan-2021 | Max ($0.00 or 50% of Price minus $8.08) |
| 8 | 16-Jan-2021 | Current | $0.00 |

Recognized Losses per Eligible Share shall be the lesser of:

1.      The inflation per share on the date of purchase (or receipt) minus the inflation per share on the date of sale (or $0.00 if held after January 14, 2021); OR

2.      The greater of the following:

   a.      The lesser of $10.50 or the purchase price per share MINUS the sale price per share if sold prior to July 2, 2021, or $6.56 if sold or held after July 1, 2021, OR

   b.      The purchase price per share MINUS the sale price if sold on or before January 14, 2021, or the greater of the sale price (if sold) or the lookback price in Table C if sold or held after January 14, 2021.[3]

---

[3]      Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning

**B.    Calculation of Recognized Losses on Eligible Warrants**

For each Eligible Warrant, the Recognized Loss for each such warrant shall be the inflation per share on the date of purchase minus the inflation per share on the date of sale, as set forth in Table B, below (unless a lower Recognized Loss amount would result by applying the loss limitation rules (caps) set forth below, in which case the lower amount will apply).  For all Netfin warrants converted into Triterras warrants (and thus Eligible Warrants), the purchase price will be deemed $2.22 per share.

**Table B:    Calculation of Inflation per Warrant on Eligible Shares**

**Based on Date of Purchase and Sale**

| Period | Beginning Transaction Date | Ending Transaction Date | Inflation per Warrant |
|--------|----------------------------|--------------------------|------------------------|
| 1 | 10-Nov-2020 | 16-Dec-2020 | $1.45 |
| 2 | 17-Dec-2020 | 17-Dec-2020 | Price minus $1.74 |
| 3 | 18-Dec-2020 | 18-Dec-2020 | Price minus $1.73 |
| 4 | 21-Dec-2020 | 21-Dec-2020 | Price minus $1.73 |
| 5 | 22-Dec-2020 | 13-Jan-2021 | $0.47 |
| 6 | 14-Jan-2021 | 14-Jan-2021 | 50% of (Price minus $1.72) |
| 7 | 15-Jan-2021 | 15-Jan-2021 | Max ($0.00 or 50% of Price minus $1.69) |
| 8 | 16-Jan-2021 | Current | $0.00 |

Recognized Losses per Eligible Warrant shall be the lesser of:

1.    The inflation per warrant on the date of purchase (or receipt) minus the inflation per warrant on the date of sale (or $0.00 if held after January 14, 2021); OR

2.    The greater of the following:

a.    The lesser of $2.22 or the purchase price per warrant MINUS the sale price per warrant if sold prior to July 2, 2021, or $1.47 if sold or held after July 1, 2021, OR

b.    The purchase price per warrant MINUS the sale price if sold on or before January 14, 2021, or the greater of the sale price (if sold) or the lookback price in Table C if sold or held after January 14, 2021.

**C.    Additional Provisions Relating to the Calculation of Recognized Losses**

For Class Members who made multiple purchases, acquisitions, or sales of Eligible Shares or Eligible Warrants between (a) November 10, 2020 (the exchange date) and (b) January 14, 2021, inclusive ("Relevant Period"), the First-In, First-Out ("FIFO") method will be applied to such purchases, acquisitions, and sales for purposes of calculating Recognized Claims or Losses.  Under the FIFO method, any sales of Eligible Shares or Eligible Warrants after November 10, 2020 will be matched, in chronological order, starting with those obtained on or before November 10, 2020. The remaining sales of securities during the Relevant Period will then be matched, in chronological order, against purchases or acquisitions during the balance of the Relevant Period.

The date of purchase or date of sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise or operation of law of Eligible Shares or Eligible Warrants during the Relevant Period shall not be deemed a purchase or sale of such securities for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such securities unless specifically provided in the instrument of gift or assignment.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase of Eligible Shares. The date of a "short sale" is deemed to be the date of sale of the Eligible Shares.  Option contracts are not securities eligible to participate in the Settlement. With respect to Eligible Shares purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

Exchange Act Recognized Loss Amounts for Eligible Shares and Eligible Warrants are reduced by taking into account the average closing prices of such securities during the 90-day look-back period, as set forth in Table C, below.

---

on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Exchange Act Recognized Loss Amounts for Eligible Shares and Eligible Warrants are reduced to an appropriate extent by taking into account the average closing prices of such securities during the 90-day look-back period (of January 15, 2021 to April 14, 2021), as set forth in Table C, below.

**Table C:    Lookback Prices for Eligible Shares and Eligible Warrants**

| Date | Common Share Lookback Price | Warrant Lookback Price | Date | Common Share Lookback Price | Warrant Lookback Price |
|---|---|---|---|---|---|
| 01/15/21 | $8.09 | $1.69 | 03/03/21 | $7.64 | $1.80 |
| 01/19/21 | $8.09 | $1.73 | 03/04/21 | $7.61 | $1.79 |
| 01/20/21 | $8.06 | $1.75 | 03/05/21 | $7.58 | $1.79 |
| 01/21/21 | $7.92 | $1.72 | 03/08/21 | $7.56 | $1.78 |
| 01/22/21 | $7.85 | $1.72 | 03/09/21 | $7.57 | $1.78 |
| 01/25/21 | $7.94 | $1.78 | 03/10/21 | $7.57 | $1.78 |
| 01/26/21 | $8.02 | $1.83 | 03/11/21 | $7.57 | $1.78 |
| 01/27/21 | $8.03 | $1.85 | 03/12/21 | $7.57 | $1.77 |
| 01/28/21 | $7.93 | $1.82 | 03/15/21 | $7.58 | $1.77 |
| 01/29/21 | $7.86 | $1.82 | 03/16/21 | $7.58 | $1.77 |
| 02/01/21 | $7.77 | $1.79 | 03/17/21 | $7.58 | $1.77 |
| 02/02/21 | $7.72 | $1.78 | 03/18/21 | $7.59 | $1.76 |
| 02/03/21 | $7.67 | $1.77 | 03/19/21 | $7.59 | $1.76 |
| 02/04/21 | $7.62 | $1.77 | 03/22/21 | $7.59 | $1.76 |
| 02/05/21 | $7.60 | $1.77 | 03/23/21 | $7.58 | $1.76 |
| 02/08/21 | $7.64 | $1.78 | 03/24/21 | $7.57 | $1.76 |
| 02/09/21 | $7.66 | $1.79 | 03/25/21 | $7.56 | $1.76 |
| 02/10/21 | $7.66 | $1.79 | 03/26/21 | $7.55 | $1.76 |
| 02/11/21 | $7.66 | $1.79 | 03/29/21 | $7.54 | $1.75 |
| 02/12/21 | $7.67 | $1.79 | 03/30/21 | $7.53 | $1.75 |
| 02/16/21 | $7.68 | $1.80 | 03/31/21 | $7.53 | $1.75 |
| 02/17/21 | $7.72 | $1.81 | 04/01/21 | $7.53 | $1.75 |
| 02/18/21 | $7.74 | $1.82 | 04/05/21 | $7.52 | $1.74 |
| 02/19/21 | $7.75 | $1.83 | 04/06/21 | $7.53 | $1.74 |
| 02/22/21 | $7.76 | $1.84 | 04/07/21 | $7.53 | $1.74 |
| 02/23/21 | $7.74 | $1.83 | 04/08/21 | $7.53 | $1.74 |
| 02/24/21 | $7.73 | $1.83 | 04/09/21 | $7.53 | $1.74 |
| 02/25/21 | $7.71 | $1.82 | 04/12/21 | $7.53 | $1.74 |
| 02/26/21 | $7.69 | $1.81 | 04/13/21 | $7.54 | $1.74 |
| 03/01/21 | $7.68 | $1.81 | 04/14/21 and later | $7.54 | $1.74 |
| 03/02/21 | $7.66 | $1.81 | | | |

**18.    What if I bought the Class A common stock or warrants on someone else's behalf?**

If you purchased or otherwise acquired Triterras Class A common stock or warrants during the Class Period for the beneficial interest of another, then, within ten (10) business days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by First-Class Mail to all such beneficial owners; or (2) provide the name and last known address of each such beneficial owner to the Claims Administrator at notifications@gilardi.com or:

*Triterras Securities Settlement,* Claims Administrator
c/o Gilardi & Co. LLC, P.O. Box 43339, Providence, RI 02940-3339

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred, upon submission of appropriate documentation to the Claims Administrator.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION OR QUESTIONS ABOUT THE TERMS OF THE SETTLEMENT. INSTEAD, PLEASE DIRECT ALL QUESTIONS TO LEAD COUNSEL AND/OR THE CLAIMS ADMINISTRATOR, AS DIRECTED ABOVE.**

DATED: May 20, 2022                    BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

JOHN A. ERLANDSON and JAMES IAN NORRIS,  :  Civil Action No. 7:20-cv-10795-CS
Individually and on Behalf of All Others Similarly
Situated,                                :  <u>CLASS ACTION</u>

                              Plaintiffs, :  PROOF OF CLAIM AND RELEASE

                                         :

        vs.                              :

                                         :
TRITERRAS, INC. (f/k/a NETFIN HOLDCO),
NETFIN ACQUISITION CORP., TRITERRAS      :
FINTECH PTE. LTD., MVR NETFIN LLC,
RICHARD MAURER, MARAT ROSENBERG,         :
VADIM KOMISSAROV, GERALD PASCALE,
SRINIVAS KONERU, JAMES H. GROH, ALVIN    :
TAN, JOHN A. GALANI, MATTHEW RICHARDS,
VANESSA SLOWEY and KENNETH STRATTON,     :

                              Defendants. :

—————————————————————— x

## I.       GENERAL INSTRUCTIONS

        1.       To recover as a Class Member based on your claims in the action entitled *Erlandson v. Triterras, Inc., et al.*, No. 7:20-cv-10795-CS (S.D.N.Y.) ("Action"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release form ("Proof of Claim")[1]. If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

        2.       Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

        3.       YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN SEPTEMBER 1, 2022, ADDRESSED AS FOLLOWS:

*Triterras Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43339
Providence, RI 02940-3339
Online Submissions: www.TriterrasSecuritiesSettlement.com

        If you are NOT a Class Member (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")), DO NOT submit a Proof of Claim.

        4.       If you are a Class Member and you do not timely request exclusion in response to the Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.       CLAIMANT IDENTIFICATION

        If you purchased or otherwise acquired Triterras, Inc. ("Triterras") Class A common stock or warrants and held the securities in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired such securities and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

---

[1] Capitalized terms used in this Proof of Claim that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement, dated as of April 27, 2022 ("Stipulation"), available at www.TriterrasSecuritiesSettlement.com.

1

Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Triterras Class A common stock or warrants that forms the basis of this claim, as well as the purchaser or acquirer of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TRITERRAS CLASS A COMMON STOCK OR WARRANTS UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.    CLAIM FORM

Use Part II of this form entitled "SCHEDULE OF TRANSACTIONS IN TRITERRAS CLASS A COMMON STOCK" and Part III of this form entitled "SCHEDULE OF TRANSACTIONS IN TRITERRAS WARRANTS" to supply all required details of your transaction(s) in such securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Triterras Class A common stock or warrants which took place at any time from November 10, 2020 (when Netfin securities converted into Triterras securities) through and including July 1, 2021, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Triterras Class A common stock. The date of a "short sale" is deemed to be the date of sale of Triterras Class A common stock.

Copies of broker confirmations or other documentation of your transactions in Triterras Class A common stock or warrants should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Erlandson v. Triterras, Inc., et al.*

No. 7:20-cv-10795-CS (S.D.N.Y.)

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than September 1, 2022**

# TRS

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN TRITERRAS CLASS A COMMON STOCK AND/OR WARRANTS.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

## PART II: SCHEDULE OF TRANSACTIONS IN TRITERRAS CLASS A COMMON STOCK

**A.** Number of shares of Netfin Class A common stock converted to Triterras Class A common stock on November 10, 2020:

Proof Enclosed? ○ Y  ○ N

**B.** Purchases or acquisitions of Triterras Class A common stock (November 10, 2020 – July 1, 2021, inclusive):

### PURCHASES

| Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|
| 1.  /  / | | $         . 00 | ○ Y ○ N |
| 2.  /  / | | $         . 00 | ○ Y ○ N |
| 3.  /  / | | $         . 00 | ○ Y ○ N |
| 4.  /  / | | $         . 00 | ○ Y ○ N |
| 5.  /  / | | $         . 00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
|  /  / | | |

**C.** Sales of Triterras Class A common stock (November 10, 2020 – July 1, 2021, inclusive):

### SALES

| Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|
| 1.  /  / | | $         . 00 | ○ Y ○ N |
| 2.  /  / | | $         . 00 | ○ Y ○ N |
| 3.  /  / | | $         . 00 | ○ Y ○ N |
| 4.  /  / | | $         . 00 | ○ Y ○ N |
| 5.  /  / | | $         . 00 | ○ Y ○ N |

**D.** Number of shares of Triterras Class A common stock held at the close of trading on January 14, 2021:

Proof Enclosed? ○ Y  ○ N

**E.** Number of shares of Triterras Class A common stock held at the close of trading on July 1, 2021:

Proof Enclosed? ○ Y  ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



**PART III. SCHEDULE OF TRANSACTIONS IN TRITERRAS WARRANTS**

A. Number of Netfin warrants converted to Triterras warrants on November 10, 2020: [ ] Proof Enclosed? ○ Y ○ N

B. Purchases or acquisitions of Triterras warrants (November 10, 2020 – July 1, 2021, inclusive):

PURCHASES

| | Trade Date(s) of Warrants (List Chronologically) | Number of Warrants Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y     Merger Shares: [ ]     Company: [ ]

C. Sales of Triterras warrants (November 10, 2020 – July 1, 2021, inclusive):

SALES

| | Trade Date(s) of Warrants (List Chronologically) | Number of Warrants Sold | Total Sales Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

D. Number of Triterras warrants held at the close of trading on January 14, 2021: [ ] Proof Enclosed? ○ Y ○ N

E. Number of Triterras warrants held at the close of trading on July 1, 2021: [ ] Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



### IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Triterras securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Triterras Class A common stock and/or warrants during the Class Period and know of no other person having done so on my (our) behalf.

### V.    RELEASE

1.    On behalf of myself (us) and my Releasing Plaintiff Parties, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties. "Related Parties" means each Defendant's respective present, former, or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, underwriters, consultants, investment bankers, commercial bankers, joint ventures, insurers, and re-insurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, representatives, assigns, and assignees of each of them, in their capacity as such.

2.    "Released Claims" means any and all claims, demands, rights, causes of action, or liabilities (including Unknown Plaintiffs' Claims, defined below), that could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based on, arising from or relating to: (i) the purchase or acquisition of Class A common stock or warrants of Triterras during the Class Period; and (ii) the acts, facts, statements or omissions that were or could have been alleged or asserted by Plaintiffs relating to conduct which occurred during the Class Period. The conduct covered in subsection ii of this paragraph includes, but is not limited to, Netfin's alleged involvement, during the Class Period, in: (a) forming Netfin Holdco, issuing Triterras securities, and soliciting purchasers of Triterras securities, all of which allegedly violated the Securities Act of 1933; (b) making any allegedly misleading statements or omissions, including any statements or omissions that could have induced investors to purchase Triterras securities, all of which allegedly violated the Securities Exchange Act of 1934; and (c) controlling any primary violators of the federal securities laws, which conduct allegedly violated both the Securities Act of 1933 and the Securities Exchange Act of 1934.  Released Claims does not include claims to enforce the Settlement.

3.    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every plaintiff, Class Member, Plaintiff, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

4.    "Unknown Plaintiff's Claims" means any Released Claims which Plaintiffs or the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by them, might have affected their settlement with and release of the Released Persons, or might have affected their decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the U.S., or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and the Releasing Plaintiff Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly waive, compromise, discharge, extinguish, settle and release and each Releasing Plaintiff Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or



not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Releasing Plaintiff Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

5.      This release shall be of no force or effect unless and until the Court approves the Stipulation and Agreement of Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation and Agreement of Settlement).

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Triterras Class A common stock or warrants which are the subject of this claim, which occurred from November 10, 2020 to and including July 1, 2021, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this_____ day of _____ in _____
                                        (Month/Year)                                      (City/State/Country)

_____          _____
(Sign your name here)                                                            (Sign your name here)

_____          _____
(Type or print your name here)                                                (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.*,                                      (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of stock certificates or other documentation as they will not be returned.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN SEPTEMBER 1, 2022, ADDRESSED AS FOLLOWS:**

*Triterras Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43339
Providence, RI 02940-3339
www.TriterrasSecuritiesSettlement.com



7

THIS PAGE INTENTIONALLY LEFT BLANK



8