UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOHN A. ERLANDSON and JAMES IAN NORRIS, Individually and on Behalf of All Others Similarly Situated, <br><br>　　　　　　　　　　　Plaintiff, <br><br>　　vs. <br><br>TRITERRAS, INC. (f/k/a NETFIN HOLDCO), NETFIN ACQUISITION CORP., TRITERRAS FINTECH PTE. LTD., MVR NETFIN LLC, RICHARD MAURER, MARAT ROSENBERG, VADIM KOMISSAROV, GERALD PASCALE, SRINIVAS KONERU, JAMES H. GROH, ALVIN TAN, JOHN A. GALANI, MATTHEW RICHARDS, VANESSA SLOWEY and KENNETH STRATTON, <br><br>　　　　　　　　　　　Defendants. | Civil Action No. 7:20-cv-10795-CS <br><br>CLASS ACTION <br><br>DECLARATION OF JOSEPH RUSSELLO FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

4888-3883-7541.v2

I, JOSEPH RUSSELLO, declare as follows:

1. I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm"), Lead Counsel for Plaintiffs John A. Erlandson and James Ian Norris. I respectfully submit this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation, where necessary or appropriate) in preparing this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

3. After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 1,596.80. A breakdown of lodestar is provided in the attached Exhibit A. The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $1,158,033.00. The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual. These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation. The Firm's rates are set based on

4888-3883-7541.v2

periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side.  For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

4.      The Firm seeks an award of $38,872.83 in expenses and charges in connection with the prosecution and resolution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit B.

5.      The following is additional information regarding certain of these expenses:

(a)      Filing, Witness and Other Fees: $1,083.80.  These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who assisted Plaintiffs in serving or attempting to serve the complaint.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)      Business Wire: $300.00.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)      Court Hearing Transcript: $68.34.  The vendor who was paid for this service is listed in the attached Exhibit D.

- 2 -

(i)    Consultant (ValueScope, Inc.): $16,102.23.  Plaintiffs retained the services ValueScope, Inc. to provide financial consulting services in connection with evaluating the reasonable range of estimable damages during the Litigation and developing the proposed plan of allocation.  Scott D. Hakala, Ph.D., CFA, a principal of ValueScope, Inc., experienced in evaluating and calculating damages in securities class actions, principally rendered these services.  Among other things, Dr. Hakala: (i) conducted an extensive analysis of damages under the Securities Act of 1933 and the Securities Exchange Act of 1934; (ii) assisted Lead Counsel in identifying and weighing the impact of factors that could potentially affect damages associated with the claims asserted; (iii) provided guidance on damages to Lead Counsel in the context of negotiating a potential resolution of the Litigation; (iv) reviewed and provided input on portions of the settlement documentation, including the settlement notice and proof of claim, bearing on financial aspects of the settlement; and (v) worked extensively with Lead Counsel to develop a fair, reasonable, and adequate plan of allocation for the proposed settlement.

(d)    Outside Photocopies: $284.60.  The vendor is set forth in the attached Exhibit E.

(e)    Online Legal and Financial Research: $2,250.92.  This category includes vendors such as LexisNexis Products, PACER, Westlaw, and other sources used in investigating the allegations in this Litigation.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes

online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(f)    Mediation Fees (JAMS, Inc.): $18,753.01.  The parties engaged Jed D. Melnick, Esq., of JAMS, Inc., to conduct the mediation in this Litigation and assist the parties in negotiating a potential resolution.  Mr. Melnick is experienced in mediating securities class actions. He conducted pre-mediation communications with the parties and held an all-day mediation session on October 8, 2021.  He also engaged in numerous post-mediation communications with counsel for the parties that were instrumental in resolving this Litigation and completing the negotiation and finalization of settlement documentation.  As part of the mediation process, Mr. Melnick required the parties to submit written mediation statements and engaged in other forms of preparation to conduct the mediation and follow-up negotiations.

6.    The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

- 4 -

4888-3883-7541.v2

7.      The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of August, 2022, at Melville, New York.

_s/Joseph Russello_
JOSEPH RUSSELLO

4888-3883-7541.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 2, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Joseph Russello*
JOSEPH RUSSELLO

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  jrussello@rgrdlaw.com

# Mailing Information for a Case 7:20-cv-10795-CS Ferraiori v. Triterras, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Landis C. Best**
  lbest@cahill.com,MA@cahill.com

- **Bradley Joseph Bondi**
  bbondi@cahill.com,MA@cahill.com

- **Peggy Senyie Chen**
  pschen@duanemorris.com,managingclerk@ssbb.com,nydocket@duanemorris.com,autodocketny@duanemorris.com

- **Kimberly Anne Havlin**
  kim.havlin@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com

- **Dana B. Klinges**
  dklinges@duanemorris.com,dgartner@duanemorris.com

- **Charles H. Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **William A. Massa**
  wmassa@rgrdlaw.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph Frank Russello**
  jrussello@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,jrussello@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)