UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

JOHN A. ERLANDSON and JAMES IAN     :    Civil Action No. 7:20-cv-10795-CS
NORRIS, Individually and on Behalf of All     :
Others Similarly Situated,     :    CLASS ACTION
     :
                            Plaintiffs,     :    REPLY MEMORANDUM OF LAW IN
     :    FURTHER SUPPORT OF PLAINTIFFS'
     :    MOTION FOR FINAL APPROVAL OF
          vs.     :    SETTLEMENT AND APPROVAL OF THE
     :    PLAN OF ALLOCATION AND FOR AN
TRITERRAS, INC. (f/k/a NETFIN     :    AWARD OF ATTORNEYS' FEES AND
HOLDCO), NETFIN ACQUISITION CORP.,     :    EXPENSES AND AWARDS TO
TRITERRAS FINTECH PTE. LTD., MVR     :    PLAINTIFFS PURSUANT TO 15 U.S.C.
NETFIN LLC, RICHARD MAURER,     :    §77z-1(a)(4)
MARAT ROSENBERG, VADIM     :
KOMISSAROV, GERALD PASCALE,     :
SRINIVAS KONERU, JAMES H. GROH,     :
ALVIN TAN, JOHN A. GALANI,     :
MATTHEW RICHARDS, VANESSA     :
SLOWEY and KENNETH STRATTON,     :
     :
                            Defendants.     :
     :
———————————————————————— x

4882-3247-3392.v2

Plaintiffs John A. Erlandson and James Ian Norris ("Plaintiffs") respectfully submit this memorandum of law in further support of their application for approval of the $9 million Settlement, the Plan of Allocation, and an award of attorneys' fees and expenses and awards to Plaintiffs.[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this Action in its entirety in exchange for a cash payment of $9,000,000.  As detailed in the opening papers (ECF Nos. 65-72), the Settlement is the product of extensive arm's-length negotiations based on a well-developed understanding of the strengths and weaknesses of the claims and defenses.  It represents a very favorable result for the Class in light of the substantial challenges that Plaintiffs would have faced in proving liability and damages.

Pursuant to the Preliminary Approval Order (ECF No. 60), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing 40,262 copies of the Notice Package to potential Class Members and nominees.  No Class Member has objected to any aspect of the Settlement, Plan of Allocation, or fee and expense application.  The only request for exclusion came from an individual shareholder who did not express any reason of concern for seeking to opt out of the Class.  As explained below, the Class's reaction confirms that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and awards to Plaintiffs are fair and reasonable, and should be approved.

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the motions is warranted.  Now that the time for objecting or requesting exclusion from

---

[1]    Unless otherwise noted, capitalized terms have the meanings given to them in the Stipulation and Agreement of Settlement (ECF No. 57) or in the Declaration of Joseph Russello in Support of Plaintiffs' Motion for Final Approval of Settlement and Approval of the Plan of Allocation and for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4).  ECF No. 67.

4882-3247-3392.v2

the Class has passed, the lack of objections from the Class and only one opt-out provide additional support for approval of the motions.

Pursuant to the Preliminary Approval Order, more than 40,260 copies of the Notice Package were mailed to potential Class Members and their nominees. *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion to Date ("Murray Suppl. Decl."), ¶4, submitted herewith. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Amount and payment of litigation expenses not exceeding $100,000, plus interest on both amounts, and that Plaintiffs may request awards up to $10,000 each pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Class. *See* Notice (ECF No. 70-1), at 2.

The Notice also apprised Class Members of their right to object to any aspect of the proposed Settlement, Plan of Allocation, or requested attorneys' fees and expenses and Plaintiffs' awards, as well as their right to exclude themselves from the Class and the August 16, 2022 deadline for filing objections or requests for exclusion. *See id.* at 7-8. The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Package, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *Business Wire*. *See* ECF No. 70 (Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date), ¶12. The Claims Administrator also established a Settlement-related website that provided information and links to relevant documents, and the Notice directed potential Class Members to contact the Claims Administrator or Lead Counsel with any questions. *Id.*, ¶14.

4882-3247-3392.v2

As noted above, following this notice program, no Class Member objected to any aspect of the Settlement, the Plan of Allocation, or fee and expense application or awards sought.  In addition, only one request for exclusion from an individual investor was received.  Murray Suppl. Decl., ¶6.

The absence of objections and the lone request for exclusion supports a finding that the Settlement is fair, reasonable, and adequate.  Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . . objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also  In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'") (citation omitted).

In addition, no institutional investors have objected or requested exclusion.  The absence of objections by these sophisticated Class Members (or any retail-investor Class Members) further evidences the fairness of the Settlement.  *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported approval of settlement).

4882-3247-3392.v2

The lack of objections from institutional or retail Class Members also supports approval of the Plan of Allocation.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class is also relevant to Lead Counsel's motion for an award of attorneys' fees and expenses and awards to Plaintiffs.  The absence of objections supports a finding that these requests are fair and reasonable.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (holding that the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (finding that the lack of any objection to the fee request supported its approval).  Again, the lack of objections from institutional investors supports approval.  *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding that the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *accord In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting the lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

4882-3247-3392.v2

## III.    CONCLUSION

For the foregoing reasons and those set forth in the opening papers, Plaintiffs respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and expenses and awards to Plaintiffs.  Copies of the proposed: (i) Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4), are submitted herewith.

DATED:  August 30, 2022                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
JOSEPH RUSSELLO
WILLIAM A. MASSA


*s/ Joseph Russello*
JOSEPH RUSSELLO

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
jrussello@rgrdlaw.com
wmassa@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

*Lead Counsel for Plaintiffs*

4882-3247-3392.v2

LEVI & KORSINSKY, LLP
MARK S. REICH
55 Broadway, 10th Floor
New York, NY  10006
Telephone:  212/363-7500
212/363-7171 (fax)
mreich@zlk.com

*Additional Counsel for Plaintiff Norris*

- 6 -

4882-3247-3392.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 30, 2022, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the email addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

to the non-CM/ECF participants indicated on the attached Manual Notice List.

        *s/ Joseph Russello*
        JOSEPH RUSSELLO

        ROBBINS GELLER RUDMAN
            & DOWD LLP
        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)

        Email:  jrussello@rgrdlaw.com

# Mailing Information for a Case 7:20-cv-10795-CS Ferraiori v. Triterras, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Landis C. Best**
  lbest@cahill.com,MA@cahill.com

- **Bradley Joseph Bondi**
  bbondi@cahill.com,MA@cahill.com

- **Peggy Senyie Chen**
  pschen@duanemorris.com,managingclerk@ssbb.com,nydocket@duanemorris.com,autodocketny@duanemorris.com

- **Andrew L. Fish**
  ALFish@duanemorris.com,managingclerk@ssbb.com,nydocket@duanemorris.com,autodocketny@duanemorris.com

- **Kimberly Anne Havlin**
  kim.havlin@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com

- **Dana B. Klinges**
  dklinges@duanemorris.com,dgartner@duanemorris.com

- **Charles H. Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **William A. Massa**
  wmassa@rgrdlaw.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph Frank Russello**
  jrussello@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,jrussello@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)